The City of Cairo

*v.*

Leonard Everett.

*Filed at Mt. Vernon June 16, 1883.*

1. Mandamus—*to compel city to levy tax to pay judgment—of the prior demand.* A written demand by a creditor for the payment of a judgment against a city, and a neglect to pay, is sufficient to authorize a *mandamus* requiring the city council to levy a tax for the payment of the judgment. It is not necessary that the creditor should first demand the levy of such tax. The demand of payment is held to include a demand to do any particular thing necessary to such payment.

2. Same—*for payment of judgment after its affirmance.* Where a judgment against a city has been affirmed, on error or appeal, it is not necessary that a copy of the order of affirmance be filed with the circuit clerk before filing a petition for a *mandamus* to compel the city council to levy a tax to pay such judgment. Section 82 of the Practice act has respect, alone, to proceedings in the lower court for carrying into execution the judgment, and has no application to independent proceedings upon the judgment elsewhere.

3. An order in a judgment against a city for a certified copy thereof to be delivered to the city council, is a provision the performance of which is not at all essential to the validity of the judgment, nor to the taking of any proceedings for its enforcement.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Alexander county; the Hon. David J. Baker, Judge, presiding.

Messrs. Green & Gilbert, for the appellant:

*Mandamus* is now but an ordinary action at law, and the plaintiff must show a good cause of action. *People* v. *Weber,* 86 Ill. 285; *People* v. *Glann,* 70 id. 232.

A party can not be compelled to do an act unless it is shown clearly that it is his duty to do so. *Hall* v. *People,* 57 Ill. 316; *People ex rel.* v. *Klokke,* 92 id. 134; Moses on Mandamus, 202, 206, 322.

A demand and refusal are held necessary to relief by *mandamus*, and the demand must be express and distinct, and express the precise thing which is required. *Macoupin County* v. *People*, 58 Ill. 192; 2 Dillon on Mun. Corp. sec. 698, note 3; Moses on Mandamus, 202, 206–208.

A mandamus will not be awarded to compel officers to do any act they are not authorized to do. *Supervisors* v. *United States*, 18 Wall. 77; *Reardon* v. *St. Louis Co.* 36 Mo. 560.

Relator's first demand was premature, as no order of affirmance was filed with the clerk, and no copy of the judgment was certified to the council, as required in the judgment.

Counties and corporations created for public convenience only are not required to seek their creditors to discharge their indebtedness, but when payment is desired the demand should be made at their treasury. *People* v. *Tazewell County*, 22 Ill. 147; *Johnson* v. *Stark County*, 24 id. 91; *City of Pekin* v. *Reynolds*, 31 id. 529.

The demands averred in the petition, as well as the plea, "for payment of said judgment," did not justify the prayer of the petition, nor the judgment of the court for a writ commanding a tax to be levied, since the law is, that the prayer of the petition, as also the writ, must correspond with the demand. To demand one thing and pray for and compel performance of another, is not in accordance with the settled rules applicable to *mandamus*. Buller's Nisi Prius, 204; Tapping on Mandamus, 302, 493; 1 Redfield on Railways, 649.


Mr. JOHN M. LANSDEN, for the appellee:

The appellee could not know whether appellee had money in its treasury or not, but the council did know. Appellee wanted his judgment paid, and demanded it, and it was the duty of the city council to take the necessary steps to enable them to pay the judgment.

It is claimed the demand of payment was premature for two reasons: First, because no copy of the affirming order had been filed in the circuit clerk's office ; and second, because no copy of the affirmed judgment had been certified to the city council.

. Section 82 of the Practice act applies only to cases where executions or other like process may be issued. It has no application to a case where no execution can be issued.

There is no law requiring a judgment against a city to be certified to the city council. A direction in the judgment to that effect, while very proper, affects the judgment in no way whatever.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a petition filed in the circuit court of Alexander county, for a writ of *mandamus* to compel the city of Cairo to levy a tax to satisfy a judgment against it in favor of the petitioner. The circuit court gave judgment awarding the writ, which was affirmed by the Appellate Court for the Fourth District, and an appeal taken to this court.

The judgment was rendered upon the sustaining of a demurrer to the replication to the plea to the defendant's answer, and the question presented is as to the sufficiency of the demand for the performance of the act sought to be enforced.

On the 1st day of July, 1879, appellee made a written demand upon the city council for the payment of his judgment, which was referred by that body to the corporation counsel, who never reported on the same. The demand stated the recovery of the judgment against the city on July 1, 1878, in the circuit court of Alexander county, for $1200, and costs of suit; that the city took an appeal from the judgment to the Appellate Court for the Fourth District, which court, at

its February term, 1879, affirmed the judgment, and that it was in full force, and remained wholly unpaid and unsatisfied, and stating the amount due at the time of the demand. The petition was filed October 6, 1882.

It is objected to the demand that it did not demand the particular thing prayed for in the petition, viz: the levy of a tax. It was the duty of the city council to pay the judgment if there were sufficient funds in the city treasury to pay it therefrom; if not, then to take the necessary steps to bring into the city treasury the requisite funds. The judgment creditor would not be supposed to know whether there were, or not, funds in the city treasury for the payment of his judgment. We think it sufficient for him to demand the payment of his judgment,—that this may be held as including a demand to do any particular thing which was necessary to be done to enable the city council to make payment of the judgment.

Further objection is taken that the demand was premature, in its being made before a copy of the order of affirmance of the judgment of the circuit court was filed with the circuit clerk. This is founded upon the 82d section of the Practice act, providing that when, upon an appeal or writ of error, a judgment is affirmed, upon a copy of the order of affirmance being filed in the office of the clerk from which the case was removed "execution may issue, and other proceedings be had therein, in all respects as if no appeal or writ of error had been prosecuted." (Rev. Stat. 1874, p. 785, sec. 83.) This, we think, has respect alone to proceedings in the lower court for the carrying into execution of the judgment, and has no application to independent proceedings upon the judgment elsewhere, as in the present case. A copy of the order of affirmance was filed in the circuit clerk's office on January 21, 1882.

It is objected further, that there had been no copy of the judgment certified to the city council, as required by the

judgment itself of the circuit court. That judgment did thus order, but it was a provision whose performance was not at all essential to the validity of the judgment, nor, as we conceive, to the taking of any proceedings for the enforcement of its execution. There was a certified copy of the judgment delivered to the city clerk, at his office in the council chamber, on July 11, 1882, with a second demand of payment indorsed thereon. But what we have already said renders it unnecessary to consider the effect of this second demand.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*