THE CITY OF CAIRO

*v.*

L. F. CAMPBELL *et al*. EXRS.

*Filed at Mt. Vernon January 25, 1886—Rehearing denied May Term, 1886.*

1. MUNICIPAL CORPORATION—*payment of debts—powers and duty of a city council.*  A city council, under the general Incorporation law, is invested with the control of the finances and property of the city, and with power to appropriate money for the payment of its debts, and to levy and collect taxes for that purpose, and it is its duty to take the necessary steps to levy and collect the same for the payment of judgments against the city.

2. SAME—*judgment against a city—remedy by mandamus—of a demand—appropriation ordinance.*  A demand upon a city council for the payment of a judgment recovered against the city, if made at any time before the day fixed by law for the adoption of the ordinance for the levy of the municipal taxes, will be sufficient to justify a proceeding by *mandamus* to compel the levy of taxes with which to satisfy the judgment.

3. The statute, however, directing the city council, within the first quarter of each fiscal year, to pass an appropriation ordinance, "in which such corporate authorities *may* appropriate such sum or sums of money as may be deemed necessary to defray all necessary expenses and liabilities," etc., is mandatory.  The words "*may* appropriate," are to be read as "*shall*" or "*must* appropriate*."  And it is the duty of the council to make such appropriation to pay a judgment against the city without any demand to that effect.

4. The city council is precluded from making any further apppropriation after the passage of the appropriation bill, so far as it belongs to the class which it is discretionary for that body to include in or omit from the annual appropriation bill; but a party whose judgment against the city has been omitted from such bill through perverseness or negligence, is not concluded

thereby, but may compel the corporate authorities to levy and collect a tax for its payment.

. 5. CONCLUSIVENESS OF JUDGMENT *against municipal corporation—on mandamus to compel its payment.* Where the circuit court has jurisdiction of the subject matter and of the parties in a suit against a municipal corporation, its judgment against the corporation, until reversed or set aside, is absolutely conclusive in a proceeding by *mandamus* to compel the corporate authorities to levy and collect a tax to discharge the same, as to the right of the plaintiff therein to receive and the duty of the defendant to pay the amount of it.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. GREEN & GILBERT, for the appellant:

*Mandamus* is now but an ordinary action at law, and the plaintiff must show a good cause of action when the suit was commenced. *People* v. *Weber,* 86 Ill. 285; *People* v. *Glann,* 70 id. 232.

It is indispensable that there be an existing duty, a proper demand for its performance, and a refusal or wrongful neglect. Tapping on Mandamus, 322.

As to when it lies, and when not, see Moses on Mandamus, 202, 206; *People* v. *Klokke,* 92 Ill. 134; *Hall* v. *People,* 57 id. 316.

In cases where demand and refusal are held necessary, it is not sufficient that the demand be couched in merely general terms, but it should be express and distinct, and should clearly designate the precise thing which is required. So, too, the demand should be untrammeled by any conditions which make the refusal a qualified instead of an absolute one. High on Ex. Legal Rem. sec. 13.

There must be a demand for the specific thing which ought to be done, untrammeled by any condition which makes the refusal qualified instead of absolute. *Macoupin County* v. *People,* 58 Ill. 192.

There must have been a demand for the particular thing which ought to have been done,—unconditional, and not in the alternative, as that to pay a judgment or levy a tax. 2 Dillon on Mun. Corp. sec. 698, note 3; Moses on Mandamus, 202, 206-208.

The necessity for a demand being established, it was equally necessary that such demand should have been made in apt time, to-wit, before the passage of the annual appropriation bill, and certainly before the expiration of the "first quarter of the fiscal year."

*Mandamus* will not be awarded to compel officers to do that which they are not authorized to do by law.   Moses on Mandamus, 125; *Supervisors* v. *United States*, 18 Wall. 77; *Reardon* v. *St. Louis County*, 36 Mo. 560.

If there was no money in the treasury out of which a warrant could be paid, it was not the duty of defendants to draw a warrant on the treasury.   *Coy* v. *City of Lyons*, 17 Iowa, 1; *Coffin* v. *City of Davenport*, 26 id. 315; 36 id. 401; High on Ex. Legal Rem. sec. 353.

Mr. JOHN M. LANSDEN, for the appellees:

The demand of payment of the judgment was sufficient. *City of Cairo* v. *Everett*, 12 Bradw. 75.

There is no need that a judgment against a city shall go into the general appropriation bill, but it must go into the next general tax levy.   The city was empowered to borrow money to pay the judgment.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a petition for *mandamus*, in the circuit court of Alexander county, by Henry J. Fisher, against the city of Cairo, to compel the levy and collection of a tax for the payment of two judgments recovered by him in that court against the defendant,—one on the 1st day of July, 1878, for $390, and costs, and the other on the 20th day of January, 1882,

for $720, and costs. The circuit court rendered judgment awarding a peremptory writ, as prayed, and that judgment, on appeal, was affirmed by the Appellate Court for the Fourth District. The record is brought to this court by appeal from this judgment of the Appellate Court. Fisher died pending the litigation, and his executors are now parties in his stead.

That the peremptory writ was rightfully awarded for the levy and collection of a tax for the payment of the first judgment, is settled by *City of Cairo* v. *Everett,* 107 Ill. 75, which is in all respects analogous, and that case settles, moreover, that the contents and form of the written demand served upon the council for the payment of the last judgment are sufficient, for, except as to the description of the judgment and the dates, they are identical.

The chief question is, the ordinance containing the annual appropriation bill having been passed by the council and approved by the mayor on the 27th of July, 1882, and this judgment not having been included in that ordinance, was it, for the purpose of this proceeding, sufficient to serve the demand on the council on the 8th of August, 1882? The contention of the attorneys for appellant is, that the demand should have been served before the ordinance containing the annual appropriation bill was passed and approved,—that without demand the council were not in default in not including the judgment in that ordinance. This, in our opinion, originates in a misapprehension in regard to the duties of the council in cases where judgment is obtained against the city, and there are no funds in its treasury from which the amount can be paid. When this judgment was rendered, there was jurisdiction in the court of the parties and of the subject matter, and the judgment not having been reversed or set aside, is therefore absolutely conclusive in this proceeding as to the right of the plaintiff therein to receive, and the duty of the defendant therein to pay, the amount of it. (*Supervisors* v. *United States,* 4 Wall. 444; *City of Olney* v.

*Harvey et al.* 50 Ill. 453.) The city council is invested with the control of the finances and property of the city, and with power to appropriate money for the payment of its debts, and to levy and collect taxes on real and personal property for that purpose. (Subdivisions *first,* *second* and *third,* sec. 1, art. 5, chap. 24, Rev. Stat. 1874.) And section 2, article 7, of the same chapter, directs that "the city council of cities and the board of trustees in villages, shall, within the first quarter of each fiscal year, pass an ordinance, to be termed the annual appropriation bill, in which such corporate authorities may appropriate such sum or sums of money as may be deemed necessary to defray all necessary expenses and liabilities of such corporation, and in such ordinance shall specify the objects and purposes for which such appropriations are made, and the amount appropriated for each object or purpose. No further appropriations shall be made at any other time within such fiscal year, unless," etc.

Inasmuch as the enforcement of the legal rights of the plaintiff in this judgment depended upon the exercise of the duty thus imposed on the council, the words, "may appropriate," should be read, "shall or must appropriate," etc. (*Kane* v. *Footh,* 70 Ill. 587 ; *Gillinwater* v. *M. and A. R. R. Co.* 13 id. 1.) It was, then, the duty of the council, without any demand, to include this judgment in the annual appropriation bill. The plaintiff had sued the city, obtained judgment against it, and that judgment was unreversed, unpaid, and in full force and effect, and he was not required to assume that the council would not perform its duty and include the amount in the annual appropriation bill. (*Richards* v. *Zanesville,* 5 Ohio St. 89.) No demand could have rendered more clear or added to the obligatory force of the duty resting on the council in that respect. But after the council had refused to include the judgment in the ordinance, he might acquiesce in that refusal, or he might insist that the council should perform its duty in that respect. He had an election,

and to signify that he elected to have the council include the judgment in the annual appropriation bill, it was necessary for him to make the demand, and so it is said that the proper time to make the demand in such a case is after the breach of duty. Tapping on Mandamus, (T. & J. W. Johnson's ed.) 333, *284.

It is provided by section 1, article 8, chapter 24, *supra*, as amended: "The city council or boards of trustees, as the case may be, shall annually, on or before the third (3d) Tuesday in September in each year, ascertain the total amount of appropriations for all corporate purposes legally made and to be collected from the tax levy of that fiscal year; and by an ordinance specifying in detail the purposes for which such appropriations are made, and the sum or amount appropriated for each purpose, respectively, levy the amount so ascertained upon all the property subject to taxation within the city or village." A certified copy of this is to be furnished to the county clerk, and he is required to extend the taxes on the proper books in conformity therewith. See 1 Starr & Curtiss' Stat. 485, 486.

It is thus clear beyond question that the demand was made in ample time for the correction of the annual appropriation bill before the day for adopting the ordinance levying the taxes. Undoubtedly the prohibition of further appropriations after the passage of the ordinance containing the annual appropriation bill, is obligatory upon the council so far as the subject of appropriation belongs to the class which it was discretionary for that body to include in or omit from the annual appropriation bill; but the plaintiff, whose valid, unsatisfied judgment against the city has, through willful perverseness, or, it may be, negligence, merely, been omitted from the annual appropriation bill, is not concluded thereby, for the members of the council can not be thus allowed, by their failure to perform their duty, to nullify the statute imposing

that duty. *The People* v. *Supervisors of Chenango,* 8 N. Y. (4 Selden,) 330, and cases there cited.

We have not deemed it necessary to go through the pleadings, and state, in order, the substance of each. We have supposed and assumed it to be sufficient that the question we have considered is fairly presented by the pleadings, and that the conclusion we have reached leads to an affirmance of the judgment.

The sufficiency of the service, under the admitted facts, we think, is clear. The copy of the judgment, with the written demand annexed thereto, was presented to one of the aldermen who was presiding as chairman of the council. He reported what he had received, to the council, so that we think every member present must have understood what was demanded.

We find no cause to disturb the judgment below. It is affirmed.

*Judgment affirmed.*

This case, when first considered, was assigned to the late Mr. Justice DICKEY to prepare the opinion, but no opinion having been prepared in his lifetime, the record was reassigned at the November term, A. D. 1885.

Subsequently, on the 16th day of August, 1886, upon an application for a rehearing in this case, the following additional opinion was filed:

Per CURIAM: After careful consideration of the petition for rehearing herein, we have been unable to perceive any sufficient ground for ordering a re-argument of the case. Only one of the points urged in the petition requires, in the view we take of the case, any answer. The others were sufficiently considered when the opinion was adopted, and as to those, it contains the answer thought to be correct.

The point not heretofore made is urged, that by the amendment of the 3d of May, 1873, to the Revenue law, (chap. 120,

sec. 122, Hurd's Stat. 1885, p. 1011,) all cities "shall annually, on or before the second Tuesday in August, certify to the county clerk the several amounts which they require to be raised by taxation," etc. But the act approved May 28, 1879, enacted six years after the amendatory act referred to, entitled "An act to amend section 1 of article 8, of an act to provide for the incorporation of cities and villages," approved April 10, 1872, provides that "the city council or board of trustees, as the case may be, shall annually, on or before the third (3d) Tuesday in September in each year, ascertain the total amount of appropriations, for all corporate purposes, legally made and to be collected from the tax levy of that fiscal year, and by an ordinance specifying in detail the purposes for which said appropriations are made, and the sum or amount appropriated for each purpose, respectively, levy the amount so ascertained upon all the property subject to taxation within the city or village, as the same is assessed or equalized for State and county purposes for the current year. A certified copy of such ordinance shall be filed with the county clerk of the proper county, whose duty it shall be to ascertain the rate per cent which, upon the total valuation of all the property subject to taxation within the city or village, as the same is assessed and equalized for State and county purposes, will produce a net amount not less than the amount so directed to be levied; and it shall be the duty of the county clerk to extend such tax in a separate column upon the book or books of the collector or collectors of State and county taxes within such city or village." (Laws of 1879, p. 66, sec. 1.) This is the section referred to in the opinion, and being the last expression of the will of the General Assembly upon the subject, it must, as we think the law to be, control.

The rehearing is denied.

*Rehearing denied.*