# Drainage Commissioners, etc., v. Joseph Lewis.

1. Drainage—*Commissioners Not Obliged to Advertise for Bids When Requiring Extra Work.*—Where drainage commissioners, after complying with all antecedent requirements with reference to computing costs of improvement, levy of tax, advertising for bids, etc., enter into a written contract for construction of a drain, which contains a provision authorizing an enlargement of a ditch and requiring the contractor to enlarge, if ordered by the commissioners to do so, on the basis of payment for the extra work in the same proportion as for the original work, they are not required to advertise again, even though the enlargement involves an expenditure of more than $500 dollars, provided they have money on hand or have provided by levy to meet the additional expense.

2. Estoppel—*By Municipal Corporations to Set Up as a Defense the Irregular Manner in Which a Contract for Work Done Was Entered Into.*—In this State, where a municipal corporation enters into a contract which it may lawfully make, it will, when sued for the labor and material furnished and accepted, be estopped from setting up as a defense the irregular and unauthorized manner in which the contract was entered into.

3. Municipal Corporations—*Can Not Retain the Fruits of a Contract and Escape Liability Because Its Officers Neglected Their Duty.*—A municipal corporation can not retain the fruits of a contract and escape its liability upon the ground that its officers neglected to pursue the particular mode of contracting required by the statute.

**Assumpsit,** for work, labor and services. Appeal from the Circuit Court of Moultrie County; the Hon. William G. Cochran, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed April 9, 1902.

Whitaker & Thompson and Spitler & Jennings, attorneys for appellant.

John R. Eden, J. K. Martin and E. J. Miller, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the court.

This is an appeal from a judgment of $724.39, rendered in favor of appellee in a suit brought by him against appellant to recover for extra work done under a contract for the construction of an open drainage ditch.

Appellant's drainage district was organized in 1899, under the "Farm Drainage Act" of 1885.  On the 15th of July, 1899, the commissioners, having provided for cost of construction by levying upon the lands of the district, and having advertised for the letting of a contract for construction, accepted the bid of appellee and entered into a written contract with him for the construction of a ditch four miles long and four feet wide at the bottom, according to certain profiles and specifications, at the rate of nine and sixty-five one-hundredths cents per cubic yard of dirt excavated and removed.  The plans and survey divided the work into stations numbered from 0 to 239, station 0 being the outlet into a creek.  Appellee began the ditch with his dredge boat at station 239 and proceeded toward the outlet until January 15, 1900, at which time he was at section 148.  On that day the commissioners, by verbal order, directed him to cut the ditch from there to the outlet six feet wide at the bottom instead of four.  Appellee did so and thereby excavated nearly 8,000 cubic yards more dirt than would have been required had he cut the ditch four feet wide. When the work was completed and accepted, a new set of commissioners had been elected who refused to recognize the order for change in construction as valid and refused to pay the amount claimed by appellee for the extra work. This suit was brought to recover the amount so claimed.

The pleadings, consisting of amended declaration, special pleas, replications, rejoinders, sur-rejoinder and rebutter are very complex and prolix, and there is much lengthy discussion in the printed briefs as to what averments were admitted and what denied.  In the view taken by us upon the leading features of the case, it is unnecessary for the writer of this opinion to explore the labyrinth to which counsel have invited us.

It is not contended that the work was defectively done, but appellant attempted to defeat a recovery upon the ground that the order made for the enlargement of the ditch was void.  It is insisted that the order was void because, when made, the commissioners had no money on hand

to pay for the extra work, and because they did not advertise for sealed bids, and let the work in that way, when the cost of the enlargement exceeded $500.

Under the pleadings, it was admitted that the commissioners either had money on hand or had made a tax levy more than sufficient to pay for the work.

The chief point relied upon by appellant involves the assumption that the order for the enlargement of the ditch constituted a new contract; and from that it argued that as the new contract involved an expenditure of over $500, the commissioners should have advertised for sealed bids as provided by section 35 of the "Farm Drainage Act" of 1885. In our opinion, the assumption is a false one. The written contract of July 15, 1899, entered into when appellee's bid was accepted, contains the following provision:

"It is further agreed by and between said parties, that said commissioners reserve the right to increase the size and depth of said ditch or any part of the same, or to change its course at any time before the dredge boat passes the part so directed to be changed, but the size of the ditch shall not be diminished. Should the said party of the second part make the ditch any wider than the width herein specified, or any deeper than the depth shown by the profile, then any such overwidth or overdepth will not be paid for unless ordered by the said commissioners, but such overwidth or overdepth will not be considered as any defect nor fault of construction."

In our view, this provision fully authorized the commissioners to order the width of the ditch to be increased, and what was done by appellee in compliance with the order must be regarded as having been done under the contract of July 15, 1899. The law requiring an advertisement for sealed bids for the work had been complied with in spirit and in letter. Where drainage commissioners, after complying with all antecedent requirements with reference to computing costs of improvement, levy or tax, advertising for bids, etc., enter into a written contract for construction which contains a provision authorizing an enlargement of a ditch and requiring the contractor to enlarge, if ordered by the commissioners so to do, on the basis of payment for

the extra work in the same proportion as for the original work, they are not required to advertise again, even though the enlargement involves an expenditure of more than $500, provided they have money on hand or provided for by levy, to meet the additional expense.

The Circuit Court entertained the same view that we do as to the law of the case, and so expressed it in the form of instructions to the jury. None of those given are erroneous, and those refused were properly refused.

There is another ground on which the judgment may be affirmed. The commissioners have the legal authority to enlarge the ditch. Indeed, it was their duty to enlarge it when it became apparent, as their order recites, that it was not of sufficient width to take care of the water. The authority is not denied; the only question raised is as to the manner in which it was exercised. The doctrine is firmly established in this State that where a municipal corporation enters into a contract that it may lawfully make, it will, when sued for the labor and material furnished and accepted, be estopped from setting up as a defense the irregular and unauthorized manner in which the contract was entered into. It can not retain the fruits of the contract and escape liability upon the ground that its officers neglected to pursue the particular mode of contracting required by the statute. The doctrine of estoppel could very appropriately be applied to this case. Judgment affirmed.