## Joseph Lewis v. Drainage Commissioners of Union Drainage District Number One of the Towns of Jonathan Creek and Lowe.

1. DEMAND—*what essential to compel drainage district to pay judgment against it.* It is not essential that a judgment creditor of a drainage district shall first ascertain if there are sufficient funds in its treasury to pay his claim, and if such is the fact, to demand payment; but if such is not the fact, to demand a tax levy and then after the funds have been so raised, demand the money. A demand of payment followed by a neglect to comply with such demand, is sufficient to authorize mandamus.

2. MANDAMUS—*when lies against drainage district.* A *mandamus* should be awarded against a drainage district to compel it to pay a judgment where it appears that in the suit in which the judgment in question was rendered. it was adjudicated, among other things. that the commissioners either had money on hand or had levied a tax more than sufficient to pay the same.

Petition for *mandamus* against drainage district. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 9, 1903.

E. J. MILLER and EDEN & MARTIN, for appellant.

HARBAUGH & THOMPSON, for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is a petition for a writ of *mandamus* against appellees, as commissioners of a drainage district, to compel them to pay a judgment which appellant obtained against them for digging a drainage ditch.

When the work was completed, under a contract between the parties, the commissioners refused to pay. Appellant sued them and recovered a judgment for his claim, which

was on appeal affirmed by this court in Drainage Commissioners v. Lewis, 101 Ill. App. 150.

After the affirmance of the judgment in this court and refusal by the commissioners to pay the judgment, appellant filed a petition for a writ of *mandamus* to coerce payment. The trial court sustained a demurrer to and dismissed the petition, and gave judgment against the petitioner, from which he prosecuted this appeal.

The petition, among other averments, alleges that the district was organized in the year 1899, under the Farm Drainage Act of 1885, and that on the 15th day of July, 1899, the commissioners of said drainage district having provided the necessary moneys for the cost of the construction of a drainage ditch by levying an assessment on the lands in said district, and having duly advertised for the letting of a contract for the construction of such ditch, they accepted the bid of petitioner and entered into a written contract with him for the construction of the drainage ditch; that suit was brought as aforesaid, and that the commissioners interposed among others the defense that said district did not have the money when said contract was made with which to pay for the said work, and therefore the said contract was unlawful and void, and could not be enforced; that thereafter, on the 21st day of November, 1902, he made a demand upon the defendants to pay the said judgment and costs, which demand is in words and figures as follows:

" I hereby demand the payment of my judgment which I recovered against you in the Circuit Court of Moultrie County, Illinois, at the September term. A. D. 1901, in the sum of $724.39, besides costs of suit taxed at $176, and also the costs of the same suit taxed against you in the Appellate Court of the Third District of Illinois, where said cause was taken by you by appeal, the amount of said costs, now standing adjudged against you in my favor being $11.80."

Dated at Sullivan, Illinois, this Nov. 8, 1902.

JOSEPH LEWIS;

that said demand was duly served and compliance therewith refused prior to filing the petition; that the judgment is in full force and unpaid.

The demurrer admits all the material allegations of the

petition. The test question is, does the petition state such facts as entitle the appellant to the relief asked? The right of a party seeking the aid of a written of *mandamus* must be legal and clear.

Appellee urges two reasons why the petition is defective: first, that the demand was too indefinite; second, that the petition fails to allege that the commissioners had the necessary funds to pay for the work at the time of making the contract.

We cannot agree with counsel for appellee that the duty of appellant was first to ascertain if there were sufficient funds in the treasury to pay his claim, and if such were the fact, to demand payment; but if there were no funds to demand a tax levy, to raise the amount, and then make another demand for the money after it was so raised. Such requirements would necessitate a multiplicity of *mandamus* proceedings to accomplish the single object of payment. Such a course, if necessary, would result in a refinement of the use of the writ which would rob it of all practical use to compel parties to perform their manifest duties. In City of Cairo v. Everett, 107 Ill. 75, it was held that a written demand by a creditor for the payment of a judgment against the city, and a neglect to pay, was sufficient to authorize a *mandamus* requiring the city council to levy a tax to pay the judgment; and that it was not necessary that the creditor should first demand the levy of such a tax, and that the demand of payment included a demand to take all necessary proceedings to enable the city to make the payment.

It may be conceded as contended by appellee that drainage districts under the Farm Drainage Act can only pay judgments and other claims and demands against the drainage district out of funds previously provided by the commissioners for that purpose; and that drainage commissioners are powerless to make any levy upon the lands of the district for the purpose of paying any outstanding indebtedness. These propositions, however, cannot avail appellees under the facts admitted by the demurrer in this case. The petition alleges and the demurrer admits that prior to letting the contract to appellant to do the work in question,

the drainage commissioners had previously provided ·the necessary moneys for the work by levying an assessment on the lands in the district. Moreover, this court in the opinion heretofore referred to, affirming the judgment for pay for the work in question said:

" Under the pleadings it was admitted that the commissioners either had money on hand or had made a tax levy more than sufficient to pay for the work."

In that case it was sought to prevent appellant recovering pay for the work he had performed, not upon the merits, but upon the same technical grounds that are now and here repeated. The suit was between the same parties concerning the same subject-matter, and by the affirmance of the judgment those questions are all *res judicata*.

The petition in this case was in due form and contained every necessary allegation to entitle appellant to the relief sought, viz., payment of his judgment, interest thereon and costs, as set forth therein. The petition alleges, the demurrer admits and this court has heretofore determined that appellees owe the debt and have the money or have long since levied an assessment to raise the money to pay it.

The admitted and adjudicated facts make it the plain and legal duty of appellees to pay appellant. The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*