Capital State Savings Bank, Defendant in Error, v. Charles E. Larson and Bernhard Johnson, Plaintiffs in Error.

Gen. No. 33,716.

Opinion filed January 6, 1930.

. ERNEST A. EKLUND and FREDERICK J. BERTRAM, for plaintiffs in error.

GUSTAV E. BEERLY, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, as holder for value in due course of a promissory note, brought suit against the defendants to recover the principal and interest due on the note, together with court costs and attorney's fees on the ground that the defendants had in writing guaranteed the payment of the note. Both defendants were served, Johnson was defaulted and Larson filed an affidavit of merits denying any of the indebtedness claimed. Afterwards the cause came on for trial without a jury, the defendants not appearing. The court heard the evidence, found the issues against the defendants and as-

sessed the plaintiff's damages at $2,742.50. Judgment was entered on the finding, and the defendant Larson prosecutes this writ of error.

Plaintiff in his statement of claim alleged that it was the holder for value in due course of a promissory note made by Carl O. E. Lind, dated November 20, 1928, for $2,500, payable to the order of plaintiff 60 days after date; that the note was guaranteed in writing by the defendants, the guarantee on the back of the note being in the following words and figures: "For value received, we hereby guarantee the payment of the within note at maturity, or at any time thereafter, or if the maker or makers should become insolvent prior to such maturity, then (notwithstanding this note be not due by its terms) promptly on the occurrence of such insolvency, with interest at seven per cent per annum until paid, and agree to pay the same with all costs and expenses paid or incurred in collecting the same, hereby waiving demand of payment, notice, protest and notice of protest, and consent without notice, to any extension of time by the holder.

(Signed)    Charles E. Larson

Bernhard Johnson.''

And it was further alleged that by reason of the foregoing the guarantors were liable upon the note with interest and court costs "and $250 as and for reasonable attorney's fees."

The defendant, Larson, in his affidavit of merits denied that plaintiff was the holder for value in due course of the note; alleged that no consideration was received by either of the defendants from the plaintiff; denied that he was indebted or liable to the plaintiff on the note for principal, interest, costs or attorney's fees; denied that $250 was reasonable attorney's fees and further denied any and all liability.

The evidence heard on the trial is not in the record before us. The defendant, Larson, contends that the statement of claim does not state a cause of action in

that there is no allegation of the nonpayment of the indebtedness, and since there was no cause of action stated, the judgment should be reversed. A number of authorities are cited which counsel for the defendant say hold that without an allegation that default has been made in the payment of the note, no cause of action is stated against the guarantor, and that in such case the judgment must be reversed.

In reply to this contention counsel for plaintiff says that the instant case, being one brought in the municipal court, it is not required that plaintiff's statement of claim state a cause of action with the same particularity as a declaration at common law in other courts of record; that by section 3 of the Municipal Court Act, Cahill's 1929 Statutes, ch. 37, ¶ 391, page 865, it is provided, "in all cases of the fourth class . . . the issues shall be determined without other forms of written pleadings than those hereinafter expressly prescribed or provided for"; that section 40 of the same act, Cahill's St. ch. 37, ¶ 40, provides that in "every case of the fourth class" (similar to the one at bar) plaintiff shall file a statement of claim which, "if the suit be upon a contract, express or implied, shall consist of a statement of the account or of the nature of the demand, . . . and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend." Section 28, Cahill's St. ch. 37, ¶ 416, part 9, provides that "The judges of said municipal court may, by rules adopted in the manner prescribed by this Act, provide that the practice in cases of the first class shall be the same as in this Act provided for cases of the fourth class"; that rule 14 of the municipal court provides that "The pleadings in all cases of the first class shall be the same as in cases of the fourth class." And that in view of the statute and rule of the municipal court, the statement of claim in the instant case is sufficient; that it com-

plies with section 40 above quoted because it sets forth the contract upon which the suit is predicated and gives the defendant such information as reasonably informs him of the nature of the case he is called upon to defend; that this is shown by the fact that the only defendant that appeared filed his affidavit of merits without raising any objection to the sufficiency of the statement of claim. The defendant, in his reply brief, seems to concede that plaintiff's contention would be sound if rule 14 of the municipal court were in the record. But he argues that since the rule is not in the record, it cannot be noticed by this court on appeal or writ of error. And a number of cases are cited which hold that this court will not take notice of the rules of the municipal court unless they are incorporated into the record. This undoubtedly was the law until July 1, 1929, when a statute passed by the legislature went into force and effect. That act is entitled, "An Act in Relation to Judicial Notice," and by section 2 it is provided, "Upon the review by any court of appellate jurisdiction by appeal, writ of error or otherwise, of a judgment, order or decree of an inferior court, such court of appellate jurisdiction shall take judicial notice of all matters of which such inferior court lawfully took judicial notice, including all rules of practice adopted by such inferior court." (Cahill's St. 1929, ch. 51, ¶ 58, p. 1310). This statute being remedial, we think it requires us to take judicial notice of the rules of the municipal court although the instant case was commenced January 29, 1929, and a final judgment was entered April 18, 1929, which was before the act of the legislature went into effect. Furthermore, we think the act applies because the writ of error, which is the beginning of a new suit, was sued out of this court August 6, 1929, after the act in question was in full force and effect.

A further contention is made that the judgment is excessive in that it includes attorney's fees of $250 and court costs of $15, the argument being that there is no warrant for such allowance in the written guarantees sued upon; that the guarantee only provides that the defendant shall be liable for costs and expenses incurred in endeavoring to collect the note; that there was no suit upon the note—at least there is no evidence in the record of this fact; but that the suit is upon the guarantee. We think this contention must be sustained. *Abbott v. Brown*, 131 Ill. 108. If plaintiff will, within ten days, remit from the judgment $15, court costs, and $250 attorney's fees, the judgment will be affirmed, otherwise the judgment will be reversed and the cause remanded.

*Judgment affirmed upon remittitur; otherwise reversed and remanded.*

MᴄSᴜʀᴇʟʏ, P. J., and Mᴀᴛᴄʜᴇᴛᴛ, J., concur.