## L. F. Travers, Appellee, v. County of Richland, Appellant.

Heard in this court at the October term, 1931. Opinion filed February 29, 1932.

H. G. Morris, for appellant.

Donovan D. McCarty and S. C. Lewis, for appellee.

Mr. Justice Fulton delivered the opinion of the court.

L. F. Travers filed two claims against the county of Richland, as assistant janitor at the courthouse in

Olney in the spring and summer of 1930 at the request of the sheriff. At the September meeting of the county board the claims were rejected and appellee appealed both claims to the circuit court. At the November term of that court, appellant moved to dismiss the appeal, which motion was overruled. At the April, 1931, term of said court, the case was tried on a stipulation of facts and no propositions of law were submitted. The circuit court allowed both claims of appellee and on April 22, 1931, entered judgment against appellant for $141, from which judgment appeal is brought to this court.

The appellant assigns as error the overruling of its motion to dismiss the appeal made at the November term and the allowance of the claims by the circuit court.

The stipulation of facts shows that the appellee had been employed as assistant janitor by the sheriff at various intervals during 1928 and 1929, and that his claims were always paid by the county board. During the months of April and May, the sheriff employed appellee to assist the janitor in keeping the courthouse clean, during which time there was the regular term of the probate court and a term of the circuit court. Appellee worked 31 days during those months. During the months of June, July and August, appellee worked 39½ days as assistant janitor at the request of the sheriff, during which time the regular janitor, who was also a deputy sheriff, spent a good deal of time helping the sheriff in extra duties outside, such as chasing bank robbers and recapturing them after their escape from the county jail. The price charged for services was $2 per day and the total amount claimed was $141. The claims bore the O. K. of the sheriff.

The stipulation further shows that appellee was never employed by the county of Richland and that one William Armsey was the regular janitor employed

by resolution of the county board at a salary of $1,000 per year, and that he received his pay in full during the time for which appellee claims pay; also that no other provisions were made by the county board after April 1, 1930, for payment of janitor except to the regular janitor as above stated.

Appellant urges as grounds for reversal that because the county board did not fix any compensation for appellee, did not authorize his employment, and did not make any provision or appropriation covering his pay, no liability accrues against the county.

While it is conceded that the custody of the county courthouse and jail fall within the common-law powers and duties of the sheriff, no liability can accrue against the county for the payment of an additional janitor, until provision or appropriation has been made for the expense of same by the county.

Section 208 of Division One of the Criminal Code, Cahill's St. ch. 38, ¶ 436; Smith-Hurd Statutes ch. 38, par. 449, provides as follows: "Every person holding any public office (whether State, county or municipal), trust or employment, who shall be guilty of any palpable omission of duty, or who shall be guilty of diverting any public money from the use or purpose for which it may have been appropriated or set apart by or under authority of law, or who shall be guilty of contracting, directly or indirectly, for the expenditure of a greater sum or amount of money than may have been, at the time of making the contracts, appropriated or set apart by law or authorized by law to be contracted for or expended upon the subject matter of the contracts, or who shall be guilty of wilful and corrupt oppression, malfeasance or partiality, where no special provision shall have been made for the punishment thereof, shall be fined not exceeding $10,000, and may be removed from his office, trust or employment."

In the case of *De Kam v. City of Streator,* 316 Ill. 123, the court said: "In *Coles County v. Messer,* 195

Ill. 540 (a suit by a sheriff to recover from the county expenses incurred by him in the performance of the duties of his office), it is said: 'The county cannot be made liable for any expenditure unless the county board has fixed a sum for expenses and the aggregate expenses are necessary and within the amount. The fact that nothing has ever been fixed expressly for expenses does not authorize a recovery for expenses any more than the failure to fix compensation would authorize a recovery for reasonable compensation. If a county officer can recover from the county for expenses where no sum has been fixed or allowed for such expenses, he can recover any amount, within the fees collected, which he necessarily expends, and the provision of the constitution under which the board has the absolute power to fix and limit expenses would be nugatory and of no avail.' The same principle applies here. In the absence of an appropriation there was no liability, and if it should be held that there was a liability, the provision which the statute intended for the protection of tax-payers would be nugatory and of no avail.''

As the stipulation clearly shows that the appropriation for janitor made by the county board was for $1,000 only, and that amount was entirely exhausted by payment to the regular janitor, there was no liability against the county for the payment of these claims.

We therefore hold that the court erred in entering judgment on the claims for the appellee.

*Judgment reversed with finding of facts.*

We find, as ultimate facts to be incorporated as part of the judgment in this case, that no appropriation or allowance for payment of the services of an additional janitor was ever made by the county board of Richland county after April 1, 1930, and no liability was created against the said county on the claims filed by appellee.