The People of the State of Illinois ex rel. Victor E. Krajci, Appellant, v. Edward J. Kelly et al., Appellees.

Gen. No. 37,921.

Opinion filed January 28, 1935. Rehearing denied and supplemental opinion filed February 11, 1935.

24 

ALBERT SABATH, of Chicago, for appellant; CHARLES HUDSON, of Chicago, of counsel.

WILLIAM H. SEXTON, Corporation Counsel, QUIN O'BRIEN and CARL HJALMAR LUNDQUIST, Assistant Corporation Counsel, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

Relator sought by mandamus to compel the City of Chicago to pay a judgment rendered against it; defendants filed a general demurrer which was sustained and the amended petition dismissed.

Relator appealed directly to the Supreme Court on the ground that the validity and constitutionality of a municipal ordinance were involved. The Supreme Court, however, declined to entertain the appeal and transferred the cause to this court.

The petition alleges that on December 23, 1931, a judgment was entered in the superior court of Cook county for $10,000 in favor of James O'Brien, a minor, and against the City of Chicago; that no appeal was taken and said judgment is final; that the judgment was assigned December 8, 1933, to the relator who is now the bona fide owner thereof; that demands were made upon defendants and other city officials for payment of the judgment and that they perform the duties and acts required of them to pay the judgment.

Relator further avers "that an assessment was made by the City for the payment of said judgment which was sufficient to pay said judgment; that said judgment was included in the assessment; that a levy was made on said assessment; that notwithstanding said assessment and levy the City has not paid the judgment."

It is axiomatic that the writ of mandamus is an extraordinary remedy, and one petitioning for such a

writ must show a clear and undoubted right to the relief demanded. *Hooper v. Snow,* 326 Ill. 142; *People v. Nelson,* 346 Ill. 247.

Respondents say that an ordinance of the City of Chicago touching the order in which judgments shall be paid defeats relator's petition. We hold that the point is well taken. This court must take judicial notice of the general ordinances of the City of Chicago. Ch. 51, ¶¶ 57 and 58, Illinois Statutes (Cahill). Statutes and ordinances of which the court would take judicial notice need not be stated in the pleading. Chitty on Pleading, 9th Amer. Ed., vol. 1, p. 215; 12 Ency. Pl. & Prac., p. 1; *French v. Senate of California,* 146 Cal. 604; *Journal Printing Co. v. City of Racine,* 210 Wis. 222; *Knisely v. Community Traction Co.,* 125 Ohio St. 131; *O'Moore v. Driscoll,* 135 Cal. App. 770, 28 P. (2d) 438; *Capital State Sav. Bank v. Larson,* 255 Ill. App. 479.

The ordinance, of which we will take judicial notice, is found in section 88, page 28, of the Chicago Code of 1931. In brief it provides that judgments which in the opinion of the corporation counsel should not be appealed should be certified to the city comptroller, and that whenever the annual appropriation bill shall provide for the payment of such judgments they "shall be paid in the order of the date of entry upon the records of the court."

Respondents say that as there is no averment in the petition touching the order of its entry with reference to other judgments, relator is not entitled to the writ of mandamus. The ordinance permits the city comptroller to pay judgments of $1,000 or less out of their regular order. As the instant judgment is for $10,000 the comptroller is given no discretion as to when it must be paid but it must be paid in the order of the date of entry upon the records of the court.

We do not construe this ordinance to mean, as relator says, that a judgment shall not be paid and that the ordinance nullifies the judgment. It merely means that the judgment shall be paid in the order of its entry. This is reasonable and in line with the statute as amended May 4, 1934, which provides that ''Judgments against such city shall be paid out of said fund in the order in which same were obtained.'' Special Session Laws 1933–1934, p. 122.

It follows that the relator is not entitled to coerce by mandamus the payment of his judgment unless it is first in order of the judgments against the city which are unpaid. Although the point just considered is sufficient to justify the order of the trial court denying relator the writ of mandamus, we notice certain other matters presented in the briefs.

It is said that the petition is defective in that it fails to allege that there is money available in any particular fund or tax levied or collected to discharge the city's liability under the judgment. A similar point was made in *City of Cairo v. Everett,* 107 Ill. 75, a mandamus proceeding to compel the City of Cairo to levy a tax to satisfy a judgment against it. The court in affirming the award of the writ said: ''The judgment creditor would not be supposed to know whether there were, or not, funds in the city treasury for the payment of his judgment. We think it sufficient for him to demand the payment of his judgment,—that this may be held as including a demand to do any particular thing which was necessary to be done to enable the city council to make payment of the judgment.'' A similar question was raised in *City of Cairo v. Campbell,* 116 Ill. 305, a mandamus proceeding to collect a judgment. It was held that as the judgment was unreversed and unpaid the petitioner was not required to assume that the city council would not perform its duty and include the amount in the annual

appropriation bill. In *Lewis v. Drainage Com'rs,* 111 Ill. App. 222, the trial court sustained a demurrer on the ground that the petition failed to allege that the defendants had the necessary funds to pay. The Appellate Court opinion says it was not the duty of the relator first to ascertain if there were sufficient funds in the treasury to pay his claim; that if it were his duty he would be compelled to demand a tax levy to raise the amount and then make another demand after it was raised. "Such requirements would necessitate a multiplicity of mandamus proceedings to accomplish the single object of payment. Such a course, if necessary, would result in a refinement of the use of the writ which would rob it of all practical use to compel parties to perform their manifest duties."

Cases cited by defendants are not applicable. *Siegel v. City of Belleville,* 349 Ill. 240, was a bill to restrain the purchase of a fire engine which had not been properly authorized. *Travers v. County of Richland,* 265 Ill. App. 443, was an assumpsit suit to recover the wages of an assistant janitor where there was no authority to hire him. Other cited cases can be distinguished from the instant case.

Moreover, the petition avers that a sufficient assessment was made to pay the judgment; that the judgment was included in the assessment and that a levy was made on the assessment. The word "levy" when used with relation to a tax means to raise or collect the tax. Black's Law Dictionary; Bouvier's Law Dictionary, Rawle's 3rd Rev'n.

A further consideration is that any inability on the part of the defendants to pay the judgment is not raised by demurrer but must be presented by answer. In *DeWolf v. Bowley,* 355 Ill. 530, cited by defendants, it was held that want of funds is a complete *answer* to a petition for mandamus. In *People ex rel. Pollastrini v. Whealan,* 269 Ill. App. 281, a mandamus case, we

held that the burden was not on the petitioner to show that there were sufficient funds in the treasury to pay the amount due him. The decision in this respect was affirmed by the Supreme Court in 353 Ill. 500. In the recent case of *People v. Rice,* 356 Ill. 373, it was held that if there are any facts which would excuse payment they must be ''presented by answer and supported by proof. The demurrer raised no such question. *Board of Supervisors v. People,* 226 Ill. 576.'' Other citations to the same effect might be made.

We agree with counsel for defendants that courts will take judicial notice of abnormal emergencies created by the widespread financial and economic collapse. We have already done so. *Straus v. Chicago Title & Trust Co.,* 273 Ill. App. 63. See also *Reif v. Barrett,* 355 Ill. 104; *Kuhn v. Cermac Realty Co.,* 265 N. Y. S. 861. And we are also in accord with the proposition that the writ of mandamus will not be granted where it will work injustice or introduce into municipal administration great confusion or disorder. *Michigan-Grand Bldg. Corp. v. Barrett,* 350 Ill. 291, and cases cited in that opinion. In the cases cited by defendants the prevailing economic conditions were presented by answer, not by a demurrer. This point also comes within the range of the decision in *People v. Rice,* 356 Ill. 373, where it was held that facts which would embarrass or prevent essential functions of government if the mandamus writ were awarded must be presented by answer.

Defendants' brief asserts that the instant judgment is only one out of thousands, aggregating more than $6,592,000; that this is the first case of the kind brought to coerce city officials to pay a judgment during the economic depression; that practically all the other judgments are older than the one at bar and that interest has not been paid on them for over two years because of the shrinkage of tax collections and the in-

ability of the city to raise money due to the economic depression. All of these matters are outside the record and manifestly are not raised by a general demurrer, although they may have a proper place in an answer.

For the reasons that the petition fails to allege that relator's judgment is first in order of entry of judgments unpaid, and the municipal ordinance provides that such judgments must be paid in the order of their entry, we hold that the relator failed to state a case which entitled him to the writ of mandamus, and that the judgment of the trial court is proper, and it is affirmed.

*Affirmed.*

O'Connor, P. J., and Matchett, J., concur.

### Supplemental Opinion.

Plaintiff has filed a petition for rehearing, saying that the opinion did not, in terms, pass upon the question of the validity of the municipal ordinance requiring judgments against the city to be paid in the order of the date of entry, sec. 88, Chicago Code of 1931. We did not discuss this point at length, as it was understood, perhaps mistakenly, that both counsel had agreed upon the oral argument that this court need not discuss this question.

However, it is a clear inference, from what is said in our opinion, that we held the ordinance valid. The argument of plaintiff assumes that the judgment "has been nullified" by the ordinance, and cites *People v. Clark,* 300 Ill. 583, where it was held that the legislature could not by a subsequent act nullify a previous final judgment of the court.

The ordinance in question does not affect the judgment in any way. It only controls the order in which it shall be paid. It simply governs the administration

of the business in the office of the city comptroller. It has to do with his clerical duties. The city council has inherent power to regulate and control the merely administrative duties of the city officers, and that is all the ordinance does.

As we said in the opinion, it is reasonable to direct that judgments should be paid in the order of their entry. Without such an ordinance the payments of such judgments might go by favor or chance, with resulting injustice and confusion. The statute [ch. 24, ¶ 1032 (1) Cahill] as amended May 4, 1934, has a similar provision. We hold that the ordinance is valid.