(No. 22256.—

THE PEOPLE *ex rel.* William D. Meyering, Sheriff, Appellee, *vs.* EMMETT WHEALAN *et al.* Appellants.

*Opinion filed April 21, 1934—Rehearing denied June 8, 1934.*

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, ROBERT S. CUSHMAN, and JACOB SHAMBERG, of counsel,) for appellants.

WILLIAM J. FLAHERTY, (GEORGE H. MASON, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook county awarding a writ of *mandamus* to compel the board of county commissioners of Cook county to determine the compensation of highway deputy sheriffs for the last five months of the fiscal year 1933 and to appropriate from the funds of the county a sufficient sum of money therefor.

Section 9 of article 10 of the constitution provides that the number of deputy sheriffs, together with the clerks and assistants to county officers, shall be determined by a rule of the circuit court to be entered of record and that their compensation shall be determined by the county board. There is nothing in the constitutional provision granting the power of determining the number of deputy sheriffs to prevent its exercise at any time or times the court deems proper. The rule may provide that it shall remain in full force and effect until the further order of the court or for any definite period. If the court thinks it more practicable to adopt a new rule each year it is fully empowered to do so. Prior to 1933 it had been the practice to enter a rule during the first quarter of each fiscal year fixing the number of such deputy sheriffs. After the entry

of the rule the county board in its annual appropriations bill would fix the compensation and appropriate sufficient funds to pay it. In the year 1933 both the circuit court and the county board departed from their above mentioned practices. The circuit court entered an order January 18, 1933, fixing the number of regular highway deputy sheriffs at one hundred for a period of four months. On February 24, 1933, it entered a rule modifying its previous order by extending the period of service to June 30, making a total period of seven months, and by authorizing the appointment of extra highway deputy sheriffs during said period of time not to exceed a total of 720 men days. Both of the above mentioned orders were entered within the first quarter of the fiscal year, and on March 2, 1933, the county board adopted its annual appropriations bill for that year, in which was fixed the compensation of the highway deputy sheriffs provided for in the last mentioned rule of the circuit court. Requisite appropriations for the payment thereof were also provided. Subsequent to the adoption of the appropriations bill, on May 19, 1933, the circuit court again amended its rule by extending the time of service of the deputy highway sheriffs to the end of the county's fiscal year, and also by providing an increase of extra highway deputy sheriffs from 720 men days to 1800 men days. The sheriff appointed the number of highway deputies allowed by the rule of court and continued their employment during the entire fiscal year. The county board refused to authorize payment of compensation to them for any period after June 30, and the petition in this case was filed by the sheriff to compel payment.

The defendants filed four pleas. A demurrer was sustained to the first, second and fourth and overruled as to the third. Issue was joined on this plea, and the defendants elected to stand by their other pleas. In this court the defendants do not contend that the demurrer to the first plea was improperly sustained. The second plea al-

leges that sub-section 6 of section 61 of the Counties act (Cahill's Stat. 1933, p. 846,) requires the county board, within the first quarter of each fiscal year, to adopt an annual appropriations bill, and the county board is forbidden to make any additional appropriations or to incur any additional expenses during the fiscal year subsequent to the passage of such appropriations bill; that Cook county's fiscal year began the first Monday of December, 1932, and ended on the first Sunday in December, 1933; that the appropriations bill which was passed on March 2, 1933, fixed the compensation and made appropriations for the number of highway deputies and for the length of service provided by the rule of the circuit court entered February 24, 1933, and that the defendants are forbidden by the severe criminal provisions of the law from making the appropriation prayed for in the petition. The fourth plea alleged that there is now no money in the county treasury, and that due to the depression and to an organized tax strike covering a period of time between 1928 and 1931, Cook county has not received sufficient funds to meet its pay-rolls.

We are of the opinion that section 9 of article 10 of the constitution, which requires the circuit court to determine the number of deputies and assistants to county officers, is mandatory. Likewise, the requirement of the county board to determine their compensation is mandatory. So, also, is the statutory provision mandatory which requires the board of commissioners to adopt the annual appropriations bill within the first quarter of each fiscal year. However, the statutory provision which authorizes the sheriff to appoint one or more deputies, not exceeding the number allowed by the rule of the circuit court of his county, (Cahill's Stat. 1933, chap. 125, sec. 7,) is merely directory. The authority conferred upon the circuit court and the county board by section 9 of article 10 of the constitution is a grant of power, while the statutory pro-

vision authorizing the sheriff to appoint deputies is a limitation of power. He has the right to appoint any number of deputies not to exceed the number designated by the rule of the circuit court. Should he conclude that a smaller number are needed for the whole or any portion of the fiscal year, he may not make a full quota of appointments or he may dispense with the services of any he has appointed. He cannot, however, appoint a greater number of deputies than was provided by the rule nor create a liability against the county for a greater amount than the compensation fixed by the county board.

When the county board adopted its annual appropriations bill on May 2, 1933, it complied with every constitutional and statutory requirement which was then imposed upon it concerning the appointment and compensation of highway deputy sheriffs. It neither exceeded its power nor omitted to do anything required of it in that regard. Its duty was to fix compensation and make an adequate appropriation for it. It is true that the board, if it chose, might have anticipated that the circuit court would again amend its rule and provide for the appointment of highway deputy sheriffs for the remaining five months of the fiscal year, but not having indulged in such anticipation there was no necessity, under the circumstances then existing, for the board to make any greater appropriation for such purpose than it did.

Counsel for the respective parties tell the court in their briefs that the reason the circuit court limited the appointment of deputy sheriffs to seven months was because of a belief existing in the minds of the judges of said court that the General Assembly, which was then in session, would enact into law what was known as the State Highway Police Bill, and thereby relieve Cook county of the cost of maintaining highway deputy sheriffs after July 1 of that year. The General Assembly did not pass the bill, and the error in the circuit court's speculation as to what

action the General Assembly would take on a given matter brought about the further amendment to the rule on May 19, 1933, extending the power of the sheriff to make appointments until the end of the fiscal year.

We do not agree with appellants' contention that the county board is free to appropriate for and pay any smaller number of deputies than is designated by the court rule. The effect of the contention would be to nullify the provisions of section 9 of article 10 of the constitution which give the circuit court the power to fix the number of deputies. After a rule of court has been adopted fixing the number of deputies, the plain duty of the county board is to fix fair and reasonable compensation for them and to make an appropriation at the proper time for the full number provided by the rule, but it is only incumbent upon the board to pay for those, within that limit, which had been appointed by the sheriff.

The statute expressly provides that after the adoption of an appropriations bill the board shall not make any further or other appropriations prior to the adoption or passage of the next succeeding annual appropriations bill, and that the board shall have no power, either directly or indirectly, to make any contract or to do any act which shall add to the county expenditure or liabilities in any year anything or any sum over and above the amount provided for in the annual appropriations bill for that fiscal year.

It is apparent that unless there is a further provision of law which would make an exception of this case, the county board cannot be compelled by *mandamus* to do the things prayed for in the petition. It is said that a further provision is to be found in sub-section 6 of section 61 of the Counties act. The provision referred to is as follows: "Nor shall anything herein contained be construed to deprive the board of power to provide for and cause to be paid from the county funds any charge upon said county imposed by law, without the action of the board of com-

missioners, including fixed salaries of officers required by law to be paid from the county treasury and to pay jurors' fees and other charges fixed by law." The effect of this provision is to grant the county board power to adopt an appropriations bill after the expiration of the first fiscal quarter and to provide payment of any charge which is imposed upon the county by law and as to which the board is vested with no discretion.

It is contended that this case falls within the terms of the above provision, because when the number of deputies is fixed by the circuit court and the appointments have been made by the sheriff the county board is left with no discretion in the matter but must fix the amount of compensation and make appropriations therefor. The case of *City of Cairo* v. *Campbell,* 116 Ill. 305, is relied on to support the contention. In that case the petitioner sought by proceedings in *mandamus* to compel the city of Cairo to pass an appropriations ordinance after the expiration of the first fiscal quarter for the purpose of paying him the amount due on two judgments he had recovered against the city. Both judgments had been recovered prior to the adoption of the appropriations bill. This court held that it was the duty of the city council to have appropriated a sufficient amount to pay the judgments; that the inhibition against more than one appropriations bill during a fiscal year was not applicable, because the city council had no discretion in the matter, and that the peremptory writ of *mandamus* was properly awarded to compel the appropriation, levy and collection of taxes for the payment of the judgments. Said provision of the statute was directly involved in *People* v. *Day,* 277 Ill. 543, where it was held that it relates only to charges imposed upon the county by law and required to be paid from the county treasury without action of the board of commissioners either in fixing the amount of the charge or otherwise. It is the positive duty of the county board to fix the amount of

compensation. The performance of this duty involves the sound discretion of the board. The salaries of deputies are not a charge on the county imposed by law without any action of the board of commissioners. The board has the right to fix the compensation at whatever amount it pleases, within reasonable limits. Hence this case does not come within the terms of that statutory provision but falls within the general inhibition of the statute.

In *People* v. *Whealan,* 353 Ill. 500, we held the county board could lawfully authorize the payment of deputies during the first quarter of the fiscal year in case an appropriations bill was passed during that quarter which provided for such payment. This holding was based upon the doctrine that the appropriations bill, when passed during the first quarter of the fiscal year, relates back to the beginning thereof; and the case holds that the statute forbids the payment of compensation to deputies in the absence of an appropriation made within the time provided by law.

The trial court held that sub-section 6 of section 61 of the Counties act, so far as it forbids the county board from paying compensation to deputies for the last five months of said fiscal year, is invalid because it impinges on the constitutional power of the circuit court to fix the number of deputies. We cannot concur in that view. That court may, as we have said, adopt its rule at any time. The fact that the court has been accustomed to enter a rule each year does not spring from legal necessity. A standing rule would have met all constitutional requirements, but convenience and changing conditions probably prompted the court to adopt a rule each year. The statutory requirement for the passage of an annual appropriations bill in nowise conflicts with the constitutional provision. The sole object of the latter is to prevent pay-roll extravagances, and the statute is in aid of the constitution. Unfortunately, the pay of the deputies

for five months has been jeopardized by the action of the circuit court and the county board in veering from their accustomed course, but the fault was not in the law—it was in its administration.

We do not doubt the authority of the circuit court to enter its rule of May 19, 1933, or of the sheriff to appoint deputies for the period authorized by the rule. The difficulty arises out of the provisions of the statute with respect to the payment of compensation. No provision for it was contained in the annual appropriations bill. No resolution was adopted fixing any compensation at all for the last five months of the fiscal year, and the inhibition against the board's expending county funds for any purpose not supported by an antecedent appropriation is an insurmountable obstacle in the way of the petitioner.

For these reasons the judgment of the circuit court is reversed.

*Judgment reversed.*