The People of the State of Illinois ex rel. William F. Collins et al., Appellees, v. Thomas D. Nash and Robert M. Sweitzer, Appellants.

Gen. No. 37,733.

Opinion filed December 24, 1934.

Thomas J. Courtney, State's Attorney, for appellants; Hayden N. Bell, Jacob Shamberg, William P. Kearney, Gerald E. Hornidge and Brendan Q. O'Brien, Assistant State's Attorneys, of counsel.

Igoe & Flaherty, of Chicago, for appellees; William J. Flaherty and George H. Mason, of Chicago, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

This is a mandamus proceeding in which respondents appeal from a judgment of the circuit court overruling their demurrer to the petition, by which they abided, and awarding a writ of mandamus to compel the treasurer of Cook county to countersign certain warrants and to deliver them to the county comptroller

for delivery to the petitioners. The petition was based on an appropriation by the Board of Commissioners of Cook county for the fiscal year 1934, for amounts payable to the petitioners for salaries for services performed as highway deputy sheriffs during the period commencing July 1, 1933, and ending December 3, 1933, and for maintenance during said period.

. The petition alleged that under section 9, article 10 of the constitution of Illinois it is the duty of the circuit court to determine the number of deputies and assistants of the officers of Cook county mentioned in said section 9, and that it is the duty of the Board of Commissioners of Cook county, when the number of said deputies and assistants have been determined, to fix their compensation; that pursuant to section 9, the circuit court on February 24, 1933, determined and allowed to the sheriff of Cook county a certain number of assistants and deputies for the period commencing the first Monday of December, 1932, and ending on June 30, 1933, not to exceed 720 men days; that thereafter, on March 2, 1933, the county board adopted the annual appropriation bill for the fiscal year 1933, which included salaries for the number of highway deputy sheriffs designated as aforesaid by the circuit court.

After the adoption of the annual appropriation bill for the fiscal year 1933, the circuit court on May 19, 1933, entered a rule wherein the time of service of said highway deputy sheriffs was extended from June 30, 1933, to and including the first Sunday in December, 1933, and on June 9th the circuit court entered a rule amending the rule entered May 19, 1933, by striking out the 720 men days and inserting in lieu thereof 1,800 men days for the entire fiscal year commencing December 5, 1932, and ending the third day of December, 1933.

The petition alleged that thereafter the county board in 1933 refused to appropriate for said highway

deputy sheriffs for the latter part of the fiscal year 1933, on the ground that subsection 6 of section 61, ch. 34, Illinois Statutes (Cahill) prohibited any additional or further appropriation after the adoption of the annual appropriation bill; that William D. Meyering, sheriff of Cook county, filed a petition for a writ of mandamus to compel the further appropriation but on appeal the Supreme Court of Illinois held that the writ should not issue on the ground that no provision for payment of compensation to said highway deputies for the last five months of the fiscal year 1933 was contained in the annual appropriation bill for the fiscal year 1933. (*People v. Whealan,* 356 Ill. 402.)

That on February 5, 1934, the county board adopted the annual appropriation bill for the fiscal year 1934, which included among other things the sum of $94,042.05 for accrued and unpaid compensation for the last five months of the fiscal year 1933 for the highway deputy sheriffs, determined by the circuit court by rule entered May 19, 1933, as amended June 9, 1933.

That on 'February 14, 1934, the county board ordered the payment of said sum under said appropriation.

That the county orders or warrants were duly appropriated and signed by the county comptroller of Cook county for the amounts due the petitioners, respectively, and countersigned by the president of the county board, and were delivered to the county treasurer for his signature, which it was his duty under section 7, ch. 36 of the Revised Statutes (Cahill) to affix, and to return same to the comptroller for delivery to petitioners, and that said county treasurer refused so to do.

The question presented is whether the county board in its appropriations made during the first quarter of the fiscal year of 1934 may include compensation for highway deputy sheriffs for their services for the

last five months of the fiscal year 1933. The present case is a sequel to *People v. Whealan,* 356 Ill. 402. In that case it was sought to compel the county board to appropriate in the fiscal year of 1933, after the first quarter had expired, for the salaries of the deputy sheriffs for the five months remaining of the fiscal year 1933. The Supreme Court held that the county board had no authority to do so.

Both parties in the instant case cite and seem to rely upon the opinion in the *Whealan* case, which among other things says:

"We are of the opinion that section 9 of article 10 of the constitution, which requires the circuit court to determine the number of deputies and assistants to county officers, is mandatory. Likewise, the requirement of the county board to determine their compensation is mandatory."

"There is nothing in the constitutional provision granting the power of determining the number of deputy sheriffs to prevent its exercise at any time or times the court deems proper."

"That court may, as we have said, adopt its rule at any time."

"We do not doubt the authority of the circuit court to enter its rule of May 19, 1933, or of the sheriff to appoint deputies for the period authorized by the rule."

"After a rule of court has been adopted fixing the number of deputies, the plain duty of the county board is to fix fair and reasonable compensation for them and to make an appropriation at the proper time for the full number provided by the rule. . . ."

"It is the positive duty of the county board to fix the amount of compensation."

From this language the conclusion is inescapable that the appointment of the deputies for the latter part of 1933 was valid and that it was the positive

duty of the county board "at the proper time" to fix the amount of compensation for the full number determined by the circuit court. The decision held, in effect, that an appropriation in the fiscal year of 1933 after the first quarter had passed was invalid. This is by reason of section 61(6) of the Counties Act, ch. 34 (Cahill), which provides that after the adoption of the appropriation bill the county board has no power to make any further or other appropriations prior to the passage of the next succeeding appropriation bill.

The latter part of this section forbids the county board to make any contract or do any act which shall add to the county expenditure or liabilities in any year, over and above the amount provided for in the annual appropriation bill for that fiscal year. The obligation to pay the deputies is not by reason of any contract made by the county board, but the liability arose through the combined action of the circuit court in entering the rule of May 19, 1933, and of the sheriff in employing deputies pursuant to that rule.

There would be hardly any doubt but that the opinion in the *Whealan* case sustained the authority of the county board to include in its appropriation for 1934 compensation for services rendered in the latter part of 1933 except for a sentence in the opinion which reads: "No resolution was adopted fixing any compensation at all for the last five months of the fiscal year, and the inhibition against the board's expending county funds for any purpose not supported by an antecedent appropriation is an insurmountable obstacle in the way of the petitioner." Respondents argue that this means that as there was no appropriation made before the services were rendered petitioners cannot receive compensation. We do not so construe this language. It is true that if there was no antecedent appropriation by the county board petitioners could

not maintain this action. But petitioners are not seeking county funds not supported by an antecedent appropriation. The expenditure sought to be coerced here is supported by the appropriation contained in the annual appropriation bill for the fiscal year 1934.

Moreover, we do not think the sentence last quoted was applicable to the question before that court. The question there was as to the power of the county board to make a further appropriation in the fiscal year 1933, after the first quarter of the fiscal year had expired. The mandamus sought in that case was for the sole purpose of compelling the board to fix the compensation and appropriate for that purpose. In this case the appropriation has been made. We think it is a clear inference from the opinion in the *Whealan* case that the only proper time to appropriate for the compensation in question would be at the next succeeding annual appropriation. Under section 9 of article 10 of the constitution it is the duty of the county board to appropriate at the proper time.

We do not think the decision in *Hall v. County of Cook,* 274 Ill. App. 503, is applicable to the instant case. There the validity was questioned of a contract made by the county board involving certain expenditures before any appropriation had been made for such expenditures. As we have heretofore said, the liability of the county board was not incurred by the county board. There is no question in the instant case of any contract made or liability incurred by the county board. The liability is imposed by the mandatory provisions of the constitution.

A very similar situation was presented in *People v. Cermak,* 239 Ill. App. 195. There the question was whether the sheriff might appoint deputies to the number fixed by the circuit court at any time during the fiscal year for which they are allowed without reference to whether the county board had provided for

their compensation. It was held that the sheriff might so appoint and may do so at any time during the fiscal year for which they are allowed, whether before the board acts or after it fails to act, the opinion saying: "For if he (the sheriff) were compelled to defer their appointment until their compensation was fixed by the county board, . . . the wheels of government might stop in the interim for the want of an appropriation. Manifestly the mandatory provision of the constitution does not contemplate the possibility of such a situation."

If the duty of the circuit court and of the county board in the present circumstances is mandatory, and the appointment by the sheriff of the deputies is valid and the services have been rendered, we fail to see any reasonable or logical way for the county to avoid liability.

For the reasons indicated we hold that the writ of mandamus was properly awarded, and the order is affirmed.

*Order affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.