(No. 24215.—)

THE PEOPLE *ex rel.* John V. Farwell, Appellant, *vs.* EDWARD J. KELLY, Mayor, *et al.* Appellees.

*Opinion filed December 15, 1937—Rehearing denied Feb. 2, 1938.*

AARON SOBLE, (MAX CHILL, of counsel,) for appellant.

BARNET HODES, Corporation Counsel, (JOSEPH F. GROSSMAN, J. HERZL SEGAL, and ARTHUR CHITTICK, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant, as assignee of a judgment for $5000 procured by one John H. Abraham against the city of Chicago March 4, 1934, filed a petition in the superior court

of Cook county for *mandamus* to compel the city to pay that judgment. The judgment was for damages to property by reason of changing the grade of a street. A trial was had on this petition for *mandamus* resulting in a dismissal thereof by the court. From that judgment appellant brings the cause directly to this court because, he says, his constitutional rights have been infringed.

Appellant, by his assignments of error, attacks the Judgment Tax Fund act as unconstitutional if that act be construed to mean that the holder of a judgment is limited to payment out of the fund created by a levy under that act, in that it violates the provisions of section 13 of article 2 of the constitution insuring just compensation for the taking of private property for public use. Appellees, by their answer, denied the invalidity of the Judgment Tax Fund act for the reasons submitted by the petitioner, or for any reason; admitted the entry of the judgment; an appropriation, in 1935, of moneys with which to pay it; the fact that the judgment had not been paid and that there was in the judgment tax fund for the payment of judgments in the order of their entry, the sum of $92,407.21, but alleged that there were outstanding judgments against the city exceeding $6,000,000, and that there were pending in the courts of Cook county petitions for *mandamus* to pay judgments aggregating more than $800,000. The answer also alleged that the city had exhausted its borrowing power. The issues thus set up in the answer were denied by the appellant's replication. He denied that he was restricted to the judgment tax fund for the payment of his judgment and denied that the payment of the judgment would interfere with governmental operations of the city.

In this court appellees have filed a motion to transfer the cause to the Appellate Court on the ground that the validity of a statute is not involved and that, although appellant's remote assignor obtained judgment for damage to his property, this fact does not afford appellant, as his as-

signee, a constitutional right to a direct appeal. The record discloses that in the trial court the constitutionality of the Judgment Tax Fund act was attacked by appellant and defended by appellees, but that appellees, in this court, admit that appellant is not confined to the judgment tax fund for the payment of his judgment and says there is, therefore, no question of the constitutionality of the act before the court. While appellant concedes this to be true, he says, and with force, that until his appeal arrived here the question was in the case by the pleadings of the parties and likewise by the judgment of the court. When the appeal was taken there was, therefore, a constitutional question in the case, though it is now out by the concession of the appellees that the Judgment Tax Fund act is not to be so construed as to limit the holder of a judgment to the fund raised by authority of that act.

This situation in the record before us obviates the necessity for considering the constitutional question raised by appellant and leaves in the record the single question whether the proof shows that the city has no funds on hand available for the payment of the judgment in question. If the record does so show, it was not error to dismiss appellant's petition. (*DeWolf* v. *Bowley,* 355 Ill. 530.) On the other hand, the writ of *mandamus* will issue where there are any funds in the hands of the city which may be used to pay appellant's judgment and where an appropriation has been made for the payment of such judgment. *Board of Supervisors* v. *People,* 222 Ill. 9; *Hall* v. *People,* 57 id. 307.

While courts will not, by *mandamus,* interfere with the performance of a discretionary act, there is no discretion on the part of the city in the matter of payment of a judgment against it. Here, an appropriation was made covering this judgment. There was available, at the time appellees' answer was filed, over $92,000 for the payment of judgments. There was available in the general cor-

porate fund for the payment of the obligations of the city $571,121.93. By cross-examination of appellant's witnesses appellees brought out that the city had, at that time, an accrued payroll of $975,000 for services rendered by policemen, firemen, etc. No direct evidence was offered to show that no funds were available to pay this judgment. Appellees, by their answer, averred that the city had exhausted its borrowing power, had incurred indebtedness in excess of its power of taxation on the property of the city, and that the expenditures for essential matters of government and general corporate purposes, for the year 1935, were more than the receipts. They, however, offered no evidence on these allegations of their answer.

A city and its officers can have no higher duty than the payment of an honest debt reduced to judgment, and it is not discretionary with its officers whether or not they shall do so. If the payment of this judgment, or any part of it, would necessarily place the officers of the city in a position to prevent them from carrying on the essential functions of government, that fact should have been shown by proof. (*People* v. *Rice,* 356 Ill. 373.) So far as this record shows, no other creditor of the city had a prior right to the payment of the city's obligation to him over that of the appellant.

Appellant's judgment was obtained for damage to property, within the meaning of section 13 of article 2 of the constitution. That provision of the constitution is self-executing and the compensation awarded by that judgment has not been paid. Appellant, as assignee of the judgment, took it with all its attributes in the hands of his assignor. So far as the record shows, the city had sufficient funds on hand with which to pay this judgment and nothing remains to be done but to make payment. Such a matter is not discretionary with any public official. (*People* v. *Kelly,* 361 Ill. 54; *People* v. *Rice, supra*; *People* v. *City of Chicago,* 360 Ill. 25.) Appellant was en-

620

titled to the writ of *mandamus* and it was error to dismiss his petition.

The judgment of the superior court is reversed and the cause remanded, with directions to award the writ.

*Reversed and remanded, with directions.*