(No. 24296.— )

THE PEOPLE *ex rel,* Arthur L. Farwell, Appellant, *vs.* ED-
WARD J. KELLY, Mayor, *et al.* Appellees.

*Opinion filed December 17, 1937—Rehearing denied Feb. 2, 1938.*

AARON SOBLE, (MAX CHILL, of counsel,) for appellant.

BARNET HODES, Corporation Counsel, (JOSEPH F. GROSS-
MAN, and J. HERZL SEGAL, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes by appeal from the superior court
of Cook county. There came with it the case of People
*ex rel.* John V. Farwell against these same respondents,
(No. 24297.) At an earlier date this court, by agree-
ment of the parties, dismissed the last mentioned case.
This appeal now pends on the one record in No. 24296.
The subject matter of the lawsuit is a petition for *man-
damus* to compel the city to pay four certain judgments
owned by the petitioner, as assignee. These judgments all
arise out of personal injuries and were all assigned by the
original holders to the petitioner.

The questions involved in this appeal are the same as
those arising in *People* v. *Kelly,* (*ante,* p. 616.) The only
substantial difference in the facts is that in that case the
judgment was for damages to property, while in this case
the judgments are each for personal injuries. In this case,
as in the other, appellees moved to transfer the cause to
the Appellate Court on the ground that the validity of a
statute is not involved. That motion here, as there, bore

also the concession of the appellees that appellant is not, by proper construction of the Judgment Tax Fund act, confined to the judgment tax fund for payment of his judgment. What was stated in the opinion in *People* v. *Kelly, supra,* is decisive of the questions in the case before us, and, for reasons there stated, the judgment of the superior court is reversed and the cause remanded, with directions to issue the writ of *mandamus* as prayed.

*Reversed and remanded, with directions.*