**People of the State of Illinois ex rel. Victor Cohn, Appellee, v. The City of Chicago et al., Appellants.**

**Gen. No. 41,311.**

Opinion filed January 20, 1941.   Rehearing denied February 5, 1941.

BARNET HODES, Corporation Counsel, for appellants; J. HERZL SEGAL, Assistant Corporation Counsel, of counsel.

NATHAN ALLEN, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

A petition was filed asking for the writ of mandamus to compel respondents to pay the balance of a certain judgment rendered against the City of Chicago; the case came on for hearing upon petition and answer before the court without a jury, which entered a judgment awarding the writ, and respondents appeal.

The petition alleges that a judgment was entered April 18, 1938, against the City of Chicago in the United States District Court for $85,258.57, on which there is a balance due of $67,086.06, together with interest; that the City of Chicago has in its judgment tax fund $1,125,000, sufficient to pay all liquidated debts owed by the city, due and payable prior to January 1, 1935.

Respondents' answer admits the entry of the judgment, the amount due and that it was a judgment for a liquidated debt due and payable prior to January 1, 1935.

Respondents, appealing, make only one point, namely that petitioner is not entitled to the writ because his judgment is not next in the order of payment.

The Judgment Tax Act (ch. 24, par. 697a, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 21.789]) provides

that the city may produce by taxation a tax fund for the purpose of paying "judgments which may be entered after January 1, 1935 for any liquidated debt due and payable prior to the first day of January, 1935," and that "Judgments against said city shall be paid out of said fund in the order in which same were obtained."

The answer denied there was in the judgment tax fund $1,125,000, and averred there was in this fund $107,685.52, which was not sufficient to pay judgments entered after January 1, 1935 for liquidated debts due and payable prior to January 1, 1935, and that there were judgments outstanding and unpaid against the city for such debts, entered prior to the date of the entry of the judgment owned by petitioner, to the amount of $2,533,180.04; that therefore the city does not have sufficient money in the tax fund with which to pay said prior judgments and the judgment of petitioner.

Respondents further cite the municipal ordinance (Municipal Code of Chicago, 1939, §§ 7-29) which provides that judgments shall be paid "in the order of the date of entry upon the records of the court. . ."

In *People ex rel. Krajci v. Kelly,* 279 Ill. App. 22, a mandamus proceeding to compel the payment of a judgment against the city, we held this ordinance was a sufficient defense and the petitioner was not entitled to the writ. To the charge that the ordinance was unreasonable we said, ". . . it is reasonable to direct that judgments should be paid in the order of their entry. Without such an ordinance the payments of such judgments might go by favor or chance with resulting injustice and confusion."

Petitioner in the instant case cites some recent decisions by our Supreme Court which it is said are decisive of the present case but these can be distinguished.

In *People ex rel. Farwell Co. v. Kelly,* 361 Ill. 54, the judgment was considered as a condemnation judgment and § 13 of article 2 of the constitution requires that it be paid forthwith on demand. In *People ex rel. Farwell v. Kelly,* 367 Ill. 616, the judgment was also considered as a condemnation judgment, and in addition it was said respondents conceded that the holder of the judgment was not limited to the fund raised by the Judgment Tax Fund Act. The same concession appeared in *People ex rel. Farwell v. Kelly,* 367 Ill. 631.

None of these factors is in the present record. The petition for the writ, after reciting the circumstances of procuring the judgment by the receiver of the West Side Atlas National Bank against the city on account of certain securities sold by the city, asserts that the claim for the writ is under paragraph 697a, chapter 24 of the Illinois statutes, entitled ''Tax to pay judgments,'' and the statute is quoted in full. After reciting the method of producing a fund to pay judgments against the city, the act contains the provision that ''Judgments against such city shall be paid out of said fund in the order in which same were obtained.'' The petition described the judgment as coming under the provisions of this act and asserted the city had sufficient funds produced by the act to pay petitioner's judgment.

The answer of respondents admitted that the judgment came under the provisions of this act but denied there was in its judgment tax fund sufficient to pay petitioner's judgment, as there was now in the fund a little over $107,000 and there were unpaid judgments entered prior to the date of the entry of petitioner's judgment aggregating over two and a half million dollars. The answer asserts that under this act such judgments must be paid in the order in which the same were obtained. There was a further averment that the city ''has no money in any other fund available for

the payment of petitioner's judgment." The order awarding the writ commanded respondents to pay petitioner's judgment "out of the Judgment Tax Fund."

This proceeding was brought specifically to compel the payment of the judgment out of money produced by the "Tax to pay judgments" act, and the order awarding the writ is limited to this fund, and there is no concession that the judgment may be paid out of any other fund.

The statute referred to has never been declared invalid and its validity is not questioned in this proceeding. Its provisions are clearly applicable to the situation under consideration. Petitioner invokes the entire statute with all its provisions, including the provision for the order of payment of judgments. He cannot rely on part of the statute and ignore any other part. As long as this provision is in force we are bound to give it effect.

We are referred to the recent decision in *People ex rel. Mercantile Nat. Bank of Chicago v. City of Chicago,* 307 Ill. App. 667 (Abst.), opinion filed by the Second Division of this court on November 26 last. In that case the principal question was whether the city could properly loan some $600,000 out of the judgment fund to be used for other purposes. The court held this could not be done, and it appears that if this was restored to the fund there would be sufficient to pay the claim.

As we have said, the statutory provision that judgments to be paid out of the judgment fund "shall be paid out of said fund in the order in which same were obtained," is still in force, and upon the showing made by the city, petitioner was not entitled to the writ. The order awarding it is reversed.

*Order reversed.*

O'CONNOR, P. J., and MATCHETT, J., concur.