People of the State of Illinois ex rel. Belle Gertz, Appellee, v. Edward J. Kelly, Mayor of City of Chicago, et al., Appellants.

Gen. No. 41,479.

Opinion filed February 17, 1941.

BARNET HODES, Corporation Counsel, for appellants; J. HERZL SEGAL, Assistant Corporation Counsel, of counsel.

MAX CHILL, of Chicago, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

A petition praying that a writ of mandamus issue to compel the city of Chicago to pay a judgment for $1,500 and costs of $23.70 entered by the circuit court of Chicago May 18, 1939, was filed May 8, 1940. After the issue was made up a trial was had, judgment awarding the writ was entered, and defendants appeal.

It was alleged that the city council "has appropriated and levied sufficient moneys to pay the judgment"; that the city had collected ample moneys to pay the judgment; that it had collected since the rendition of the judgment from "miscellaneous revenue" and the proceeds of the sale of tax anticipation warrants sufficient moneys; that it was well able and had ample moneys on hand "in its various funds" to pay the judgment but disregarded its duty and refused to do so.

The city and certain of its officials were made parties defendant and May 23, 1940, a joint and several answer was filed in which it is admitted that the city council and appropriated sufficient moneys to pay the judgment but denied it had levied any moneys for the payment of the judgment, and averred that the appropriation for the payment of judgments in the annual appropriation bill for 1940 "was against uncollected current assets" and that the city had not collected sufficient of such assets to pay all of its liabilities which were appropriated against such assets.

The answer further denied that the city had collected ample moneys to pay the judgment and averred that it had not collected sufficient moneys "from miscellaneous revenues and the proceeds of the sale of tax anticipation warrants" to pay the judgment; denied it was in financial condition to make such payment. And it was averred that May 8, 1940, the date of the filing of the petition, there was on hand in the "corporation purposes fund of the City of Chicago the sum of $1,119,863.67. On May 16, 1940 there was on hand

in said fund $1,853,170.12. That all of said moneys was and is necessary for the current essential and ordinary running expenses of the City of Chicago." The answer then set up that there was in effect an ordinance of the city (§§ 7–29 of the Municipal Code of Chicago) which provides: "All judgments shall be paid in the order of the date of entry upon the records of the court; provided, that if after the comptroller has sent notice by registered mail to the judgment creditor or his attorney of record that such claim is ready for payment and such judgment creditor fails to present such judgment, with satisfaction piece, for payment within fifteen days, then judgments next in the order of entry shall be paid."

It was further alleged in the answer that there were unpaid judgments against the city amounting to $4,-207,938.08 which had been entered prior to plaintiff's judgment (May 18, 1939) and pursuant to the provisions of the ordinance above quoted, these judgments must be paid before plaintiff's and the city did not have sufficient moneys with which to pay the prior judgments.

The petitioner filed a reply to the answer and denied that "all of the money in the corporate purposes fund" of the city was necessary for the minimum essential governmental functions of the city but on the contrary, avers the moneys in the corporate purposes fund are ample. The replication alleged the city council had no power to pass the ordinance; that it was unconstitutional being in violation of Article 2, § 2 of the Constitution of Illinois, and further averred that no other parties were before the court making any claim to the $1,853,170.12.

May 29, 1940, the case was heard, some of the facts being stipulated, and the Chief Clerk of the city Comptroller's office was called as a witness by both parties. The court found in favor of petitioner and entered a judgment awarding the writ.

The position of the relator is that there are sufficient moneys in the corporate purposes fund with which to pay the judgment, while the position of the city is that it has done everything within its power to provide money with which to pay the judgment; that the city council made an appropriation for the payment of petitioner's judgment "out of uncollected assets" prior to January, 1940, and that sufficient of such assets had not been collected; and further that judgments entered before petitioner's must be first paid and there was not sufficient money.

A portion of the annual appropriation ordinance for the "corporate purposes fund" is in the record. It shows estimated total assets appropriable for such fund of $17,850,323.42. As against these assets $3,600,000 was appropriated to pay judgments which were entered against the city after January 1, 1935.

Mr. Doyle, Chief Clerk of the Comptroller's office testified the city had disbursed the $1,119,863.67, and other funds which subsequently came into the corporate purposes fund May 8, 1940 (the date of the filing of the petition), in payment of vouchers representing the city's obligations which were outstanding prior to January 1, 1940, and that none of such moneys was applied to the payment of judgments which had been entered prior to January 1, 1940. He testified the Comptroller's office uses the moneys available to pay the oldest bills owed by the city so as to maintain the city's credit and there was then unpaid $11,000,000 of such bills due from the city other than judgments against it; that unpaid judgments entered against the city prior to petitioner's judgment, which was entered May 18, 1939, amounted to $4,207,938.08.

We think the evidence was insufficient to show that the moneys available were required to enable the city to proceed with the function of essential government. *City of Chicago v. People,* 215 Ill. 235. The burden was on the city to make such proof (*People v. Rice,*

356 Ill. 373), and not having done so we hold the city's contention that there was not sufficient money available on May 8, 1940 to pay petitioner's judgment cannot be sustained.

In *People ex rel. Krajci v. Kelly,* 279 Ill. App. 22, we held that an ordinance of the city of Chicago substantially the same as the ordinance above quoted, was sufficient to defeat a petition for a writ of mandamus brought to compel the payment of a judgment against the city. In considering the ordinance in that case we said: "As the instant judgment is for $10,000 the comptroller is given no discretion as to when it must be paid but it must be paid in the order of the date of entry upon the records of the court.

"We do not construe this ordinance to mean, as relator says, that a judgment shall not be paid and that the ordinance nullifies the judgment. It merely means that the judgment shall be paid in the order of its entry. This is reasonable and in line with the statute as amended May 4, 1934, which provides that 'Judgments against such city shall be paid out of said fund in the order in which same were obtained.' Special Session Laws 1933–1934, p. 122." And in the supplemental opinion we said: "The ordinance in question does not affect the judgment in any way. It only controls the order in which it shall be paid. It simply governs the administration of the business in the office of the city comptroller. . . .

"Without such an ordinance the payments of such judgments might go by favor or chance, with resulting injustice and confusion. The statute [ch. 24, sec. 1032 (1) Cahill] as amended May 4, 1934, has a similar provision. We hold that the ordinance is valid."

In *People ex rel. Cohn v. City of Chicago,* 308 Ill. App. 50, opinion filed January 20, 1941, we upheld the rule announced in the *Krajci* case giving effect to the provisions of the ordinance, and distinguished the cases of *People ex rel. Farwell v. Kelly,* 361 Ill. 54; *People*

*ex rel. Farwell v. Kelly,* 367 Ill. 616; *People ex rel. Farwell v. Kelly,* 367 Ill. 631; and *People ex rel. Mercantile Nat. Bank v. City of Chicago,* 307 Ill. App. 667 (Abst.), opinion filed by the second division of this court November 26, 1940, which need not be repeated here.

The judgment of the circuit court of Cook county awarding the writ is reversed.

*Judgment reversed.*

MATCHETT and McSURELY, JJ., concur.