(No. 26175.—

THE PEOPLE *ex rel.* Victor Cohn, Appellant, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed Sept. 15, 1941—Rehearing denied November 12, 1941.*

NATHAN ALLEN, (WALTER F. DODD, of counsel,) for appellant.

BARNET HODES, Corporation Counsel, (J. HERZL SEGAL, of counsel,) for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

January 11, 1940, Victor Cohn, assignee of the balance of a judgment rendered against the city of Chicago, filed a petition in the circuit court of Cook county seeking a writ of *mandamus* against the defendants, the city and its corporate officers, to compel them to pay his claim. Defendants answered, the cause was heard by the court without a jury, and judgment rendered awarding the writ. Upon appeal, the Appellate Court for the First District reversed the judgment. The cause is here upon leave to appeal granted the petitioner, Cohn.

April 19, 1938, judgment for $85,258.57 was rendered against the city of Chicago in the United States District Court for the northern district of Illinois, eastern division, in favor of Harry Joseph, receiver of the West Side Atlas National Bank of Chicago. Subsequently, the judgment was partially satisfied and, on the day the petitioner instituted his action, a balance of $67,086.06 was due on the judgment, together with interest from October 11, 1939. The judgment rendered was for a liquidated debt due and payable prior to January 1, 1935. Petitioner charged that the city had in its judgment tax fund the sum of $1,125,000; that no other demands had been made upon the city to pay judgments out of this sum, and that it was sufficient to pay all liquidated debts due and payable prior to January 1,

1935, owed by the city. By their answer, the defendants denied that the city had $1,125,000 in its judgment tax fund but admitted that there was $107,685.52 in the fund. Answering further, defendants averred that there were judgments against the city outstanding and unpaid entered subsequent to January 1, 1935, for liquidated debts due and payable prior to January 1, 1935, and entered prior to April 19, 1938, (the date of the entry of the judgment owned by petitioner,) in the aggregate amount of $2,533,180.04; that, in obedience to the provisions of section 1 of the Judgment Tax act, as amended (Ill. Rev. Stat. 1939, chap. 24, par. 697a, p. 544,) they, the defendants, are required to pay all judgments in the order in which obtained, and that since judgments amounting to $2,533,180.04 were entered prior to petitioner's judgment, the city did not have sufficient money in the judgment tax fund with which to pay the prior judgments and the judgment of the petitioner. Concluding, the defendants averred that the city had no money in any other fund applicable to the payment of the petitioner's judgment. This, petitioner concedes.

Section 1 of the Judgment Tax act, so far as relevant, provides for the levy of a special tax to create a judgment tax fund to be used solely "for the purpose of paying judgments entered against such city prior to the first day of January, 1935, and judgments which may be entered after January 1, 1935, for any liquidated debt due and payable prior to the first day of January, 1935," and "Judgments against such city shall be paid out of said fund in the order in which same were obtained."

To obtain a reversal of the judgment of the Appellate Court, petitioner contends that a judgment takes priority over others entered earlier, if those obtaining the earlier judgments make no claim upon the judgment tax fund. Defendants, to sustain the judgment, maintain that petitioner's claim must fall because there are other judgments outstanding and unpaid entered prior to his judgment.

The facts recounted disclose an admission by defendants that the sum of $107,685.52 is in the city's judgment tax fund available to pay judgments rendered on liquidated debts due and payable prior to January 1, 1935. So far as the pleadings disclose, no demands other than by the petitioner, have been made upon the city to pay judgments entered prior to April 19, 1938, from the judgment tax fund. Under such circumstances, as in *People* v. *Kelly,* 361 Ill. 54, there is, and can be, no question of priority involved. Upon facts closely paralleling those in the case at bar, this court said: "There is admittedly more money in the judgment fund of the city than is required to pay the claim involved and there is no evidence of any other judgment creditor making claim on that fund. So far as this record shows, all other creditors may be acquiescent and satisfied with the receipt of interest payments, such as were shown to have been made to the appellant here. * * * There is more than enough money in the city treasury appropriated to the judgment fund than is required to pay this judgment with its incidental costs and interest, and there is no one else before the court making any claim to that money. Nothing remains to be done but to make payment, and whether or not that payment shall be made is not discretionary with any public official. * * * The money is available, there is no question of discretion involved, and *mandamus* is therefore the proper remedy." *People* v. *City of Chicago, post,* p. 573, *People* v. *Kelly,* 367 Ill. 631, and *People* v. *Kelly,* id. 616, are to the same effect. These four decisions are decisive of the single issue made in the present case.

The judgment of the Appellate Court is reversed and the judgment of the circuit court of Cook county is affirmed.

*Appellate Court reversed,*
*circuit court affirmed.*