(No. 33098.—

EDWIN L. BROWN, JR., *et al.*, Appellants, *vs.* THE CITY OF EVANSTON *et al.*, Appellees.

*Opinion filed March 17, 1954—Rehearing denied May 19, 1954.*

JOHN MULDER, and JAMES R. FRANKEL, both of Chicago, for appellants.

JOHNSTON, THOMPSON, RAYMOND & MAYER, of Chicago, (FLOYD E. THOMPSON, and CHARLES J. O'LAUGHLIN, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from an order and decree of the circuit court of Cook County denying appellants' motion for judgment on the pleadings and dismissing their complaint when they stood on their pleadings. Appellants are taxpayers and residents of the city of Evanston. They began this action as a representative suit to set aside a contract of purchase and sale of certain real estate commonly known as the "Doetsch Pit," alleging that the city had entered into the contract of purchase of the real estate without a prior appropriation therefor as required by section 15-3 of the Revised Cities and Villages Act. Ill. Rev. Stat. 1947, chap. 24, par. 15-3.

On February 21, 1951, appellants filed their complaint alleging that on October 26, 1948, S. G. Ingraham as mayor, and Edward C. Bell as city clerk, on behalf of the city of Evanston, executed a contract with John Doetsch and Theresa Doetsch for the purchase of a gravel pit known as "Doetsch Pit." By the terms of the contract the city of Evanston was obligated to pay $70,000 as purchase price; $3700 to reimburse one Esther M. Karrer

for funds advanced in foreclosure proceedings to discharge general taxes on the property for 1940 and prior years; $7777 to purchase special assessment bonds held by the vendors, and a sum to cover all of the general taxes for the years 1941 and subsequent, and to satisfy all outstanding special assessments against the property. The contract was allegedly unlawful and wrongfully entered into by the mayor and clerk for the reason that there was no prior appropriation made therefor in violation of section 15-3 of the Revised Cities and Villages Act. The city did appropriate $21,450 in 1949, $16,000 in 1950, and $14,398 in 1951 for the acquisition of Doetsch's Pit. Pursuant to the contract the vendors caused title to the property to be conveyed to Ada King, in whose name the property was then vested contrary to law which does not empower a municipal corporation to hold title to public property in the name of a nominee. Ada King allegedly executed a note for $60,000, secured by a purchase-money mortgage on this property to the vendors subjecting the property to a lien in excess of powers conferred on the city of Evanston and in contravention of the laws of the State of Illinois. The vendors were permitted to remain in possession and to conduct business upon the property without payment of rental, while the city of Evanston paid the general real-estate taxes,—subjecting the property to private use without compensation. The contract of purchase fixed payments to be made by the city until April, 1959, thus exceeding the powers of a municipality which are limited to contracts to be performed within one year by the Revised Cities and Villages Act. It was further alleged that S. G. Ingraham as mayor and Edward Bell as city clerk, in executing this contract of purchase without a prior appropriation having been made therefor, violated section 208 of division 1 of the Criminal Code (Ill. Rev. Stat. 1947, chap. 38, par. 449,) providing that for such act a public officer may be fined not exceeding $10,000 and may be

removed from his office. It was prayed that the contract be set aside as void and illegal and the parties be restored to their positions prior to the execution thereof, that an accounting be ordered of all moneys expended by the city of Evanston under the contract and that the city have judgment against the defendants John Doetsch, Theresa Doetsch, S. G. Ingraham, Edward Bell, Ada King and Thomas Airth for the amount shown to be due; and that the court order Ada King to reconvey the property to John Doetsch and Theresa Doetsch.

Ada King answered alleging that title to the property is vested in the city of Evanston, she having executed a quitclaim deed in favor of the city simultaneously with the delivery of the note and mortgage of $60,000 to the vendors.

S. G. Ingraham, Edward Bell, and Thomas Airth, city treasurer, answered alleging the contract was executed on August 26, 1948, on authorization of the city council of Evanston and that disbursements made on account of the acquisition of the property total $30,948.76.

On March 27, 1951, Theresa Doetsch, defendant and vendor, filed her answer admitting the execution of the contract for the purchase of these premises by the city of Evanston. She further averred that if the city of Evanston desired to convey or cause to be conveyed to her the title to the premises in question and put her and John Doetsch, the former co-owner, *in statu quo,* she would return or cause to be returned to the city all moneys paid by it pursuant to the terms of the contract, including moneys paid or advanced on account of delinquent general taxes. On March 10, 1952, a petition was filed suggesting the death of Theresa Doetsch and asking leave to make the executor of the last will and testament of Theresa Doetsch, together with her heirs-at-law, defendants. Subsequently the executor of the last will and testament of Theresa Doetsch, and her heirs-at-law, answered adopting all of the allegations

and averments set out in the answer of Theresa Doetsch. On February 19, 1953, an order was entered vacating an order of default previously entered against John Doetsch, defendant and former co-owner of the premises in question, and granting him leave to file an answer. John Doetsch then answered adopting the allegations and averments of defense set out in the answer of the executor of the last will and testament of Theresa Doetsch, and her heirs-at-law.

The city of Evanston denied that this was a representative action, alleged the mayor and city clerk executed the agreement of purchase pursuant to proceedings of the city council, alleged that all moneys paid out thereon were properly appropriated, that Ada King executed the note and mortgage for $60,000 at a time when the city was not the owner of the property, alleged that the vendors are in possession of the property pursuant to a right of possession set out in the deed executed October 26, 1948, for ten years, alleged the city never assumed or agreed to pay the mortgage and that such mortgage may be paid by the city at any time within any year, that the mayor and clerk executed the contract in compliance with their duties as officials and that at the time the city had unexpended appropriated items sufficient to cover all obligations assumed, that the city accepted title subject to a mortgage but has not agreed to pay any part thereof, and that the plaintiffs (appellants) had no pecuniary interest in the matter, they know or should have known of the agreement on October 26, 1948, that they should have known the city appropriated moneys in 1949, 1950, and 1951 for the acquisition of these premises, and are thus guilty of *laches*.

On September 10, 1951, the appellants filed a motion to strike the answer of the city of Evanston which motion was allowed.

On February 28, 1951, the city of Evanston filed an amended and supplemental answer which included all of

the denials and allegations contained in the stricken answer and in addition, thereto averred that the city was not obligated to make any payments during 1948, and it was never intended that any payments be made until money was duly appropriated, that in 1948 the city had an excess of appropriations for general corporate purposes in the amount of $64,728.85, and an excess of receipts over anticipated receipts in the water department of $116,306.14 which it could legally transfer to the acquisition of these premises. It was further averred that the mortgage had been canceled and released in consequence of the payment thereof in February, 1952. Furthermore, the vendors were permitted to remain in possession for 10 years under the terms of the contract for the reason that the city did not need immediate possession of the premises for the purposes acquired and postponed possession was considered in fixing the purchase price of the property. The city prayed dismissal of the complaint.

Motion for judgment on the pleadings was filed on January 29, 1953, by the appellants for the reason that the answers of the defendants were substantially insufficient in law for the following reasons: (1) the defendants failed to allege that the city made any appropriation prior to October 26, 1948, for the obligations assumed by it in the contract of purchase, (2) title was taken in the name of Ada King, (3) defendants failed to deny that the property was wrongfully subjected to the mortgage in excess of the municipal powers, (4) the contract was not to be completely performed by its terms until April of 1959 and was not completed until February 26, 1952, thereby exceeding the municipal powers of contract, and that the answer shows on its face that the mayor and city clerk executed the contract without a prior appropriation in violation of the Criminal Code.

The court found that the appellants were not entitled to a judgment on the pleadings, that the defense of *laches*

was good, and the complaint was ordered dismissed for want of equity.

The appellants filed an appeal from this order and decree to the Appellate Court, First District. On appellees' motion the cause was transferred to this court for the reason that a freehold is involved.

For a cause to be heard on direct appeal in this court on the basis of a freehold being involved it is required that a necessary result of the decision must be the loss by one party and a gain for the other of a freehold, or the title must be so put in issue by the pleadings that the determination of the case necessarily requires a decision with respect to the ownership of the real estate in controversy. For this court to entertain jurisdiction of a direct appeal upon the ground that a freehold is involved, the freehold must be directly and not collaterally, contingently, or incidentally involved. (*Streator Federal Savings & Loan Assn.* v. *Benckendorf,* 413 Ill. 280; *Medical Center Com.* v. *Banks,* 413 Ill. 397; *Hawkins* v. *City of Elgin,* 1 Ill. 2d 540.) Only one party, the city, claims ownership and title to the premises in question. The appellants make no claim thereto. They merely sue as taxpayers to have the contract of purchase of this realty by the city declared void, wrongful and illegal as contrary to specific statutory provisions and *ultra vires* as to a municipality for the reasons above set forth. The primary purpose of the action is the protection of the residents and taxpayers from an illegal and wrongful payment of city funds. The necessary result of a determination of this cause does not, and cannot possibly, cause one party to the suit to gain and the other to lose a freehold estate. Neither does the determination of the case require a decision as to the ownership of a freehold. The appellants merely seek to have the contract of purchase declared void, illegal and wrongful and to protect themselves and others from a wrongful application of city funds. In

order to do equity to all interested persons, it is prayed that, incidental to the determination of the main issue in appellants' favor, the freehold be reconveyed to the original vendors and the city funds expended therefor be returned. In such a situation a freehold is not so involved as to permit a direct appeal. (*Gits* v. *Ullrich,* 288 Ill. 527.) The answers of the former co-owners, and their heirs and representatives, made offer to return all moneys expended by the city.

The appellate jurisdiction of this court has not been properly invoked in this appeal. Having no jurisdiction to hear the appeal, we are compelled to transfer the cause to the Appellate Court for the First District.

*Cause transferred.*