Edwin L. Brown, Jr. et al., Appellants, v. City of Evanston et al., and Lawrence P. Doetsch, Individually and as Executor of Last Will and Testament of Theresa Doetsch, Deceased et al., Appellees.

Gen. No. 46,270.

First District, Third Division.
December 15, 1954.
Rehearing denied February 17, 1955.
Released for publication February 17, 1955.

John Mulder, and James R. Frankel, both of Chicago, for appellants.

Johnston, Thompson, Raymond & Mayer, of Chicago, for appellees; Floyd E. Thompson, and Charles J. O'Laughlin, both of Chicago, of counsel.

MR. JUSTICE LEWE delivered the opinion of the court.

This is an appeal from an order denying plaintiffs' motion for judgment based on the complaint and supplemental complaint and the answers of defendants. Plaintiffs appealed to this court where, on defendants' motion, the cause was transferred to the Supreme Court. The Supreme Court transferred the cause to this court for the reason that no freehold was involved. (2 Ill.2d 504.)

Plaintiffs, residents and taxpayers of the City of Evanston, brought a representative suit against the city, its officers and others to set aside a contract of purchase and sale of certain real estate, located in the City of Evanston, known as the Doetsch Pit.

From the pleadings it appears that on October 26, 1948 the mayor of the city, S. G. Ingraham, and the city clerk, Edward C. Bell, on behalf of the city executed a contract with John Doetsch and Theresa Doetsch for the purchase of a gravel pit into which the city intended to dump dry refuse taken from the streets and other places within the city. When the pit should become filled the city contemplated covering it with earth and converting it into a public park and playground.

The purchase price in the contract was $70,000. In addition, $3,700 was to be paid to reimburse one Esther M. Karrer for funds advanced for foreclosure proceedings to discharge general taxes on the premises for 1940 and prior years, and $7,777 for special assessment

bonds held by defendants John Doetsch and Theresa Doetsch. By the terms of the agreement the city was to pay all general taxes for the year 1941 and subsequent years and to satisfy all outstanding special assessments against the property. Paragraph 14 of the agreement further provided that no payment or liquidation of general or special assessment tax liens shall be made prior to January 2, 1949.

It is clear from the pleadings and the terms of the contract that there was no obligation binding the city to make any payments or expenditures in 1948, and none were to be made until the delivery of the deed to the city, which occurred February 15, 1949. Therefore, no appropriation was legally required prior to the date of the contract.

For the acquisition of the Doetsch Pit the city passed appropriation ordinances in 1949 for $21,450, in 1950 for $16,000, and in 1951 for $14,395. No appropriation of money was made for that purpose in 1948. Pursuant to the terms of the contract, the Doetsches caused title to the premises to be conveyed to Ada King as nominee of the city and Ada King simultaneously executed and delivered to the defendants John Doetsch and Theresa Doetsch a note in the sum of $60,000 secured by a purchase money mortgage to the Doetsches. February 15, 1949 Ada King conveyed the title to the Doetsch Pit to the city. Under the terms of the contract of purchase and the deed to Ada King, the Doetsches were permitted to remain in possession of and to conduct their business upon the premises without payment of rental for a limited period of time. May 10, 1952 a petition was filed suggesting the death of Theresa Doetsch. During the oral argument in this court counsel for defendants stated that John Doetsch had also died.

According to the averments of the amended and supplemental answer filed by the city it was not obligated under the contract of purchase to make any payments

126

during 1948; that it incurred no expense or indebtedness by the execution or delivery of the agreement; that the parties to the agreement did not intend that the city should make any payment under the agreement until the money was duly appropriated for the purpose and until the premises were conveyed to the city; that of the sums of money appropriated for general corporate purposes in the 1948 appropriation ordinance there was on October 26, 1948 and thereafter money in excess of obligations incurred and to be incurred for general purposes in the amount of $64,728.85, and there was an excess of actual receipts over anticipated receipts in the water department of $116,306.14; that by virtue of the statute section 15—1 of Article 15 of the Cities and Villages Act [Ill. Rev. Stats. 1947, ch. 24, § 15—1; Jones Ill. Stats. Ann. 21.1384], the city had power at any time after July 1, 1948 to transfer from other general corporate purposes the excess of moneys appropriated, for the acquisition of the premises here involved. To acquire the Doetsch Pit the city passed appropriation ordinances in the years 1949 to 1952, inclusive. All of these moneys were transferred from unexpended balances theretofore appropriated for corporate purposes. The city paid all of the general taxes and assessments against the premises and reimbursed Esther Karrer for funds advanced. February 25, 1952 $46,666.68 was paid from the 1952 appropriations of the city to the executor of the estate of Theresa Doetsch in payment of the remaining mortgage notes. All of the mortgage indebtedness on the premises here in controversy has been fully paid and the mortgage released.

Plaintiffs' main contention is that the contract for the purchase of the Doetsch Pit by the city in 1948 is void for lack of a prior appropriation therefor as required by section 15—3, chapter 24 of the revised Cities and Villages Act, Illinois Revised Statutes 1947 [Jones Ill. Stats. Ann. 21.1386].

We cannot agree with plaintiffs' contention because, as already pointed out, there being no obligation of any kind incurred by the city for the year 1948, when the contract was executed, no appropriation was legally required. This is the factual distinction to be made in considering the cases relied upon by plaintiffs. The facts alleged in the pleadings show that the city had ample funds available to meet its obligations when it accepted the deed and that proper appropriations were made by the city for the year 1949 and thereafter.

When the present suit was filed on February 21, 1951 the city had been in title and constructive possession of the premises involved for more than two years and the contract had been fully executed.

Plaintiffs rely on DeKam v. City of Streator, 316 Ill. 123. In that case an agreement was entered into between the city and one Clausen, an engineer, on February 14, 1919, to furnish complete plans, specifications and detailed estimates of the cost of an adequate sewer system. This agreement recited that there was no appropriation for the purpose for the fiscal year beginning on May 1st. May 19, 1919 the annual appropriation ordinance was passed containing an item "Special fund for new sewer, $5,000." July 1, 1919 a supplemental agreement was made between the city and Clausen ratifying the contract of February 14, 1919 in all respects. Clausen began work under the terms of the agreement of February 14, 1919 and completed it prior to March 18, 1920, on which date he presented to the board of local improvements a bill for services amounting to $34,263, of which $3,000 had been paid. May 17, 1920 the annual appropriation ordinance was passed containing a $5,000 item for engineering services, which was paid to Clausen. The court said, at

128

page 132, that since no appropriation of money had been made for the new sewer system the contract of February 14, 1919 was void, and, being void, was incapable of ratification. As we read this opinion the court held in effect that although the contract was void the payments to Clausen for services, out of funds properly appropriated by the city for this purpose, were valid.

In the later case of Avery v. City of Chicago, 345 Ill. 640, the city exceeded its authority by making a contract for the disposal of garbage beyond one year. The city had paid for these services for a period of nine months at the rate fixed by the contract. The court said, at page 651: "The objection that the contract is invalid because the term for which it was made is excessive should therefore extend to the executory and not the executed part of it." While the facts in DeKam v. City of Streator, 316 Ill. 123, and in Avery v. City of Chicago, 345 Ill. 640, are dissimilar to those in the instant case we think the principle emerging from them sustains the position of the city in this case. Here the contract of purchase was executed when the city accepted the deed in 1949. All the obligations incurred by the city as a result of its acceptance of the deed were paid with funds appropriated by the city. And since no part of the contract of purchase in question remained unexecuted the question whether it was invalid for lack of prior appropriation is, in our view, not material.

■ Plaintiffs maintain that the city had no power to take the title to the Doetsch Pit in the name of a nominee. We think this position is untenable. Taking title in the name of a nominee is a common practice and is ordinarily done for the convenience and protection of the ultimate purchaser, especially where, as here, the pleadings show that there were tax foreclosure pro-

129

ceedings pending against the premises and that there were many other objections to the title.

Plaintiffs also insist that the city had no power to cause its nominee to encumber the real estate purchased with a mortgage lien. This precise question was determined adversely to plaintiffs' contention in Stripe v. Yager, 348 Ill. 362, where the City of Waukegan purchased premises for a city hall. Instead of paying the entire purchase price in cash, the city accepted a warranty deed subject to the mortgage. By the terms of the deed the city assumed to pay the mortgage indebtedness. The court said, at page 368: "It is a matter of common knowledge, based upon the common experience of all municipalities, that in the ordinary course of the conduct of the business of such municipalities almost all contracts entered into by the city for purchases or for improvements are based upon the credit system." In the present case the pleadings show that there was no attempt by the city to evade any constitutional debt limitation or that the price paid for the Doetsch Pit was exorbitant nor were there any facts alleged charging fraud or lack of good faith. We have considered the other points urged and the authorities cited in support thereof but find no merit in them.

For the reasons stated, the order denying plaintiffs' motion for judgment on the pleadings, and the decree dismissing their complaint, is affirmed.

Order and decree affirmed.

KILEY, P. J. and FEINBERG, J., concur.