Willis E. Collins, Glen Ellyn Building, Inc., James A. Wagoner, Theodore Prescott, Plaintiffs-Appellants, v. Village of Glen Ellyn, a Municipal Corporation, Normoyle and Berg Co., Defendants-Appellees.

Gen. No. 11,228.

Second District, First Division.

April 29, 1959.

Released for publication May 18, 1959.

Edgar J. Elliott, of Wheaton (Richard F. Locke, James A. Wagoner, of Glen Ellyn, of counsel) for appellants.

J. Edgar Kelly, of Chicago, for Village of Glen Ellyn, and Rathje & Woodward, of Wheaton, for Normoyle and Berg Co., appellees.

PRESIDING JUSTICE SPIVEY delivered the opinion of the court.

Plaintiffs, electors and taxpayers of the Village brought this suit for a judgment declaring that the contract between the Village and the defendant Normoyle and Berg Co., was void for want of a prior appropriation as required by Section 15—3, Chapter 24 of Illinois Revised Statutes 1955, and sought to enjoin the defendant Village from acting in any way under the contract.

Section 15—3 of Chapter 24, provides as follows: "No contract shall be made by the corporate authorities, or by any committee or member thereof, and no expense shall be incurred by any of the officers of departments of any municipality, whether the object of the expenditure has been ordered by the corporate authorities, or not, unless an appropriation has been previously made concerning that contract or expense. Any contract made, or any expense otherwise incurred, in violation of the provisions of this section shall be null and void as to the municipality, and no money belonging thereto shall be paid on account thereof."

The Village answered the complaint and alleged that at the time the contract was executed there was $90,000 in the waterworks and sewer fund and that subsequently, the city appropriated $67,918.88 to pay the amount the contract exceeded the money received from the sale of the bonds. It also contended that there was no obligation on the part of the Village to pay any sums during the 1957 fiscal year and no appropriation was required prior to the date of the contract.

Normoyle and Berg Co., defendant, filed a motion to dismiss on the theory that no payments were to be made in 1957 and so no appropriation in that year was necessary.

The court allowed the motion to dismiss and entered judgment against the plaintiffs. Plaintiffs appeal from the order dismissing the complaint.

■ Plaintiffs' complaint should not have been dismissed. According to our interpretation of the plain unambiguous language of the statute, it was just this situation which the statute was intended to protect against.

The Voters of the Village of Glen Ellyn approved the construction of a sanitary sewer system and the issuance of $375,000 in bonds in an election November 19, 1955. About one year later, an ordinance was passed, authorizing the sale of the bonds and ordering that the proceeds of the sale be held separate and apart from the general corporate funds of the City.

Glen Ellyn's fiscal year extends from May 1, of one year, to April 30 of the next year. No funds were provided for the construction of a sanitary sewer system by the Village during the fiscal year commencing May 1, 1956 and ending April 30, 1957.

On March 25, 1957, the Village entered into a contract with the defendant Normoyle and Berg Co., a corporation, for the construction of a sanitary sewer system for the sum of $427,615.19. At that time, there was in the waterworks and sewer fund, the sum of $91,918.88. This was a special fund derived from the village waterworks and sewer system and was not related to the general corporate fund.

The sanitary sewer system was constructed according to the contract, and Normoyle and Berg Co., defendant, was paid the $375,000 available by reason of the sale of bonds.

Defendants contend that if an expenditure is not to be made within the fiscal year, the expenditure need not be included in the appropriation ordinance

for that fiscal year and cite as authority, Brown v. City of Evanston, 4 Ill.App.2d 124, 123 N.E.2d 850.

In the Brown case, the city executed a contract in 1948 to purchase a gravel pit. By the terms of the contract, no payment was to be made until 1949 and no appropriation preceded the execution of the contract. Taxpayers sued to set aside the contract and urged that the contract was void by reason of the failure of the city to pass an appropriation concerning the subject of the contract or expense. The court stated, "We cannot agree with plaintiffs' contention because, as already pointed out, *there being no obligation of any kind* incurred by the city for the year 1948, when the contract was executed, no appropriation was legally required." (emphasis ours)

We consider this statement to contain within itself the basis for its own impeachment. If there was a contract in 1948, then there were obligations incurred by the city in the year 1948. If there were no obligations incurred by the city in 1948, then there was no contract. We recognize rights and duties, contractual in nature, other than the duty to pay money. That no obligation to pay money existed may well be true, but the prohibition is not solely against paying money without an appropriation, but rather, "no contract shall be made . . . and no expense shall be incurred . . . unless an appropriation has been previously made concerning that contract or expense."

In the case of Beling v. City of East Moline, 14 Ill. App.2d 263, 144 N.E.2d 865, we quoted the following language from the case of People v. City of Rock Island, 271 Ill. 412, 111 N. E. 291. "Both of the improvements are still to be made, and until the time comes for carrying into effect this plan of public improvements no money is or need be appropriated for that purpose. Until that time comes no liability is incurred by the city to anyone by this ordinance. The

fact that the ordinance contains provisions which will require the city at some future time to incur an indebtedness does not create a present liability within the provisions of that section of the statute for which an appropriation must be made before such ordinance is adopted." This language standing alone might be thought to support the contention of the defendants. A careful examination of the case, however, immediately demonstrates a factual distinction from the situation presented in the instant case.

So that our reasoning herein will not be misunderstood, it would be well to give a brief resume of the City of Rock Island case. There, an ordinance was passed providing for certain future improvements. No contract was made but there was only a legislative expression of an intent to make contracts in the future. The statute does not prohibit the passage of ordinances but rather prohibits the making of contracts where the corporate authority incurs contractual obligations, without previously having made an appropriation concerning that contract or expense.

Apparently, the factual distinction we made was overlooked in Brown v. City of Evanston, 4 Ill.App. 2d 124, 123 N.E.2d 850, and for this reason we choose to follow Beling v. City of East Moline, 14 Ill.App.2d 263, 144 N.E.2d 865.

Such a distinction has been made by our Supreme Court. In DeKam v. Streator, City of, 316 Ill. 123, the city and an engineer suing the city had attempted to ratify a void contract made prior to an appropriation. The court said, "The instrument of July 1 was not itself a contract, and if it were, it could have no effect beyond the appropriation of that year, $5,000, for the prohibition against incurring any expense unless an appropriation concerning such expense should have been previously made was a limitation upon the powers of all the officers and departments of the

377

corporation, of which all the parties had notice and which they could not disregard. When the council appropriated $5,000 for the new sewer system, that was the limit of the expenses which any of the officers or departments of the city could incur for that object and the appellee had notice of this limit of their power."

In the case at bar, both defendants had notice that only $375,000 was available by reason of the bond issue and both had notice that no provision was made for the payment of the difference, from special funds only. Failing in this, the contract is void because there was no appropriation for the sums which might be payable from the general corporate fund.

As the court further said in DeKam v. Streator, City of, 316 Ill. 123, "In the absence of an appropriation there was no liability, and if it should be held that there was a liability, the protection of the taxpayers would be nugatory and of no avail."

█ "A municipal corporation is bound only when its agents or officers, by whom alone it can act, keep within the chartered authority of the corporation. Dillon well said (Mun. Corp. 5th ed. Par. 791): The history of the workings of municipal bodies has demonstrated the salutory nature of this principle, and that is the part of true wisdom and of judicial duty to keep the corporate wings clipped down to the lawful standard," Avery v. Chicago, 345 Ill. 640.

Defendants urge that it is not necessary to include in the general appropriation ordinance items of expense paid from special funds. They cite People v. Village of Glencoe, 372 Ill. 280, 23 N.E.2d 697. In that case a judgment in a condemnation proceeding was satisfied out of the special fund created by operation of a garbage plant. There the court said all that would be required to put the money in the general fund would be a resolution transferring the

fund from the garbage fund to the general fund. Absent is language to the effect that no appropriation was needed before the money could be paid from the general fund.

In the instant case, defendants seek to pay $67,-918.88 from special funds on the strength of a contract which is void. No expense can be incurred by a void contract and the payment of this sum from a special fund was improper. The payment is not justified by the existence of funds but must be justified by a legal obligation.

In People v. Kelly, 367 Ill. 616, 12 N.E.2d 612, the court said, "A city and its officers can have no higher duty than the payment of an honest debt reduced to judgment." Here there is no honest debt, but rather a claim which has as its basis, a void contract.

The adoption of this position would provide a perfect escape for the city and persons contracting with the city in every situation where a contract exceeded the appropriation. A city might simply contend that the illegal portion of the contract was paid from special funds and so, circumvent the statute. The contract contained no provision that it was to be paid solely from special funds. It is therefore void and to hold otherwise would be an evasion of the express protection given electors and taxpayers by the legislature.

The cause is reversed and remanded with instructions to overrule the motion to dismiss and for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

McNEAL and DOVE, JJ., concur.